A. L. BRADBURN v. THE STATE.

No. 2359. Decided November 27, 1901.

1.—Lost Complaint—Substitution.

A lost complaint may be substituted under provisions of article 1498, Revised Civil Statutes, notwithstanding article 470, Code of Criminal Procedure, only provides for the substitution of indictments and informations.

2.—Defendant as Witness—Cross Examination as to His Failure to Testify on Former Trial.

Where a defendant becomes a witness in his own behalf, it is error for the State to cross-examine him in regard to his failure to testify at a former trial of the case.

Appeal from the County Court of Delta. Tried below before Hon. D. H. Lane, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail. ·

No statement necessary.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail; hence this appeal.

On motion the State supplied the complaint upon which the prosecution was based, which was alleged to have been lost. Appellant objected to this on the ground that there was no authority of law to supply complaints; that the law only applied to the substitution of indictments and informations. Article 470, Code of Criminal Procedure, only relates to indictments and informations, saying nothing about affidavits or complaints; but the latter is a part of the information, being based thereon. However, article 1498, Revised Civil Statutes, provides for the substitution of lost records of all kinds, and, if other statutory authority were necessary, it could be found under said provisions. We hold that the substitution of the lost complaint was proper practice. Huff v. State, 23 Texas Crim. App., 291.

During the trial appellant took the stand in his own behalf, and, over his objections, the State was permitted to examine him in regard to his failure to testify at a former trial of the same case. He also objected to the remarks of the county attorney during the argument in regard to said matter, said remarks being as follows: "Gentlemen of the jury, the defendant himself told you that he did not testify on a former trial of this case, and, if he was not guilty, why is it that he did not testify?" Both the examination of the defendant as to this and the remarks of the county attorney were duly excepted to. This exact question came before this court in Richardson v. State, 33 Texas Crim-

inal Reports, 518, and it was there held it was not competent, if appellant became a witness on his own behalf, to cross-examine him on the part of the State in regard to his failure to testify at a former trial. This has since been followed in Dorr's case (Texas Criminal Appeals), 40 Southwestern Reporter, 311, and Wooley v. State (Tyler term, 1901), 64 Southwestern Reporter, 1054.

Because of this error of the court in permitting the cross-examination of defendant by the State, and in allowing the county attorney to discuss defendant's failure to testify on a former trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*