### ELBERT EADS v. THE STATE.

No. 1803.   Decided May 22, 1912.

**Murder—Allusion to Defendant's Failure to Testify.**

Where a party fails to take the witness stand and testify in his own behalf, at a trial previous to the one at which the conviction occurs, it is reversible error on the part of the prosecuting officer to allude to that fact. Following Richardson v. State, 33 Texas Crim. Rep., 518.

Appeal from the District Court of Collingsworth. Tried below before the Hon. S. P. Huff.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*J. L. Lockey* and *R. E. Taylor* and *H. A. Allen,* for appellant.— Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was given ten years in the penitentiary for murder in the second degree.

On the trial appellant testified in his own behalf. A bill of exceptions recites that the district attorney, making his closing argument to the jury, said: "Gentlemen of the jury: The record in this case shows that there has been an examining trial and the defendant in the examining trial failed to go on the stand and testify, and so far as this record shows he has never denied killing A. J. Hopkins until he took the stand and testified in his own behalf this morning at which time he admitted that he killed the deceased." At the examining trial appellant did not take the witness stand and testify in his own behalf.

The statute prohibits an allusion to the failure of the defendant to testify. It has been held, construing this statute, that where a party failed to take the witness stand and testify in his own behalf at a trial previous to the one at which the conviction occurs, that it was error on the part of the prosecuting officer to allude to that fact. Several cases have been reversed for this very reason. See Richardson v. State, 33 Texas Crim. Rep., 518, in which it was held that the failure of an accused person to testify in his own behalf shall not be alluded to or commented on by counsel applies to former as well as to pending trial. This case has been followed in Wilson v. State, 54 Texas Crim. Rep., 505; Dorrs v. State, 40 S. W. Rep., 311; Gaines v. State, 53 S. W. Rep., 623; Bradburn v. State, 43 Texas Crim. Rep., 309; Hare v. State, 56 Texas Crim. Rep., 6.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*