## EX PARTE JOHN FINNEY.

No. 2489.   Decided April 30, 1913.

**Murder—Bail—Evidence.**

   Where, upon appeal from a denial of bail, the evidence sustained the order of the lower court refusing relator bail, there was no error.

   Appeal from the District Court of Kaufman.   Tried below before the Hon. F. L. Hawkins, in vacation.

   Appeal from a denial of bail upon a habeas corpus proceeding on the charge of murder.

   The opinion states the case.

   No brief on file for relator.

   *C. E. Lane,* Assistant Attorney-General, for the State.

   HARPER, JUDGE.—In this case relator had an examining trial, and was remanded to the custody of the sheriff, the court holding that no bail should be allowed.   He sued out a writ of habeas corpus before Hon. F. L. Hawkins, judge of the Fortieth Judicial District, and the evidence adduced on the examining trial was submitted as a statement of the evidence in the case.   Upon a hearing he was refused bail, and from which order he prosecutes this appeal to this court.   The evidence would show that relator and May Nelson, deceased, had been sweethearts and that "the course of true love did not run smoothly," and they had quarreled.   Deceased was a teacher in the public schools at Terrell, and relator, prior to this homicide, resided in said town and bore a good reputation for being a peaceable and law-abiding citizen. On the day of the homicide deceased was escorted to church by another colored man.   When relator witnessed this, he remarked he was going up to the Nelson home "and raise hell."   That afternoon deceased and the colored man who escorted her to church, in company with others, were in a room at the Nelson home conversing, when relator appeared on the scene.   He asked Walter Johnson, who was seated on the piano stool, and who had escorted deceased to church, if he would not shake hands with him.   When Johnson offered to shake hands relator caught hold of his hand and jerked him off the piano stool.   Deceased then requested relator to leave the premises.   He started out through the house, deceased following him.   The State's testimony would show that without just cause or provocation, relator shot deceased twice, inflicting fatal wounds; that witnesses then undertook to take his pistol from him, when he fired his pistol twice more, but inflicting no further wound.

   Relator ran from the house and stated to his mother, Anna Finney, "that they all jumped on him, and was fighting me, and May (deceased) was shot accidentally."   The nature of the wounds received by deceased, their range and the whole facts and circumstances in the case would

show that it was no accidental shooting, and under the evidence adduced on this hearing we do not think the court erred in refusing relator bond.

Judgment affirmed.

*Affirmed.*