E. E. SAPP ET AL. v. THE STATE.

No. 3659. Decided June 23, 1915.

Rehearing denied October 13, 1915.

**1.—Habeas Corpus—Practice on Appeal—Murder.**

It is the rule of this court not to discuss the evidence in appeals of this character, and the court will adhere to that rule.

**2.—Same—Bail—Evident Proof—Exception—Rule Stated.**

The rule is all prisoners shall be bailable. The exception is, when the proof is evident, that not only the accused is guilty, but that the jury will, if they properly enforce the law, probably assess capital punishment, and that this conclusion is to be reached by the well guarded and the dispassionate judgment of the court or judge passing upon the question of bail. Following Ex parte Stephenson, 71 Texas Crim. Rep., 380.

**3.—Same—Rule Stated—Case Stated.**

Where appellant's counsel admitted, and the facts are such that in all probability a jury will assess the death penalty, if on final trial, the guilt of appel-

lant be shown, the only other question remains whether the evidence as a whole was clear and strong enough to lead a well guarded and dispassionate judgment to the conclusion that the accused is the guilty agent. If so, bail was correctly denied. Following Ex parte Russell, 71 Texas Crim. Rep., 377, and other cases.

**4.—Same—Case Stated—Practice on Appeal—Denial of Bail.**

Where appellant was denied bail upon a charge of a capital offense, and appealed to this court, we are not prepared to say that the action of the lower court was without ample warrant, and without comment on the testimony, we deem it our duty to affirm the judgment of the lower court.

Appeal from the District Court of Hardin. Tried below before the Hon. J. Llewellyn, Acting Judge, sitting in vacation.

Appeal from a judgment denying bail to defendant, who was indicted for murder and sued out a writ of habeas corpus before said judge.

The opinion states the case.

*F. J. & C. T. Duff* and *Howth & Adams* and *Coe & Coe,* for appellant.—There is a sharp conflict in the testimony for and against the defendants, and the proof is not evident. The circumstances do not exclude every reasonable hypothesis but the defendant's guilt, and it is not the purpose of the law to punish in advance of a conviction. Ex parte Boyett, 19 Texas Crim. App., 17; Myers v. State, 6 id., 1; Armstead v. State, 22 id., 51; Estes v. State, 23 id., 600; Ex parte Catney, 17 id., 332; Ex parte Jones, 26 id., 597; Ex parte Duncan, 27 id., 485; Ex parte Kunde, 22 id., 418; Young v. State, 69 S. W. Rep., 153; Stephens v. State, 59 S. W. Rep., 545; Ezell v. State, 65 S. W. Rep., 370; Locklin v. State, 72 S. W. Rep., 585; Ex parte Burton, 170 S. W. Rep., 308; Ex parte Dooley, 170 S. W. Rep., 303; Ex parte Pettis, 131 S. W. Rep., 1081; Ex parte Canna, 136 S. W. Rep., 60; Ex parte Goodwin, 125 S. W. Rep., 582; Ex parte Miller, 41 Texas, 213

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellants were indicted for the murder of Dick Watts. They sued out a writ of habeas corpus before the district judge, who, after hearing all the evidence, denied them bail. Hence this appeal.

The statement of facts is voluminous. We have given it, and appellants' briefs, careful consideration, in addition to having heard the evidence discussed on submission for an hour on each side, by the able attorneys representing the appellants and the State. It is the rule of this court not to discuss the evidence in appeals of this character, and we shall adhere to that rule now.

"The rule is 'all prisoners shall be bailable.' (Sec. 11, art. 1, of our Constitution.) The exception is, 'when the proof is evident' that not only the accused is guilty, but that the jury will, if they properly enforce the law, probably assess capital punishment. This conclusion to be reached by the well guarded and dispassionate judgment of the

court, or judge passing upon the question." (Ex parte Stephenson, 71 Texas Crim. Rep., 382.)

As we understood appellants' attorney, on the submission hereof, it was conceded, that in all probability a jury will assess the death penalty, if on final trial, the guilt of appellants is shown. At any rate, whether conceded by appellants or not, in our opinion, if their guilt is so shown, a "jury will, if they properly enforce the law, probably assess capital punishment." That feature need not be further considered.

The only other question then is, whether or not the evidence as a whole was clear and strong enough to "lead a well guarded and dispassionate judgment to. the conclusion . . . that the accused is the guilty agent." (Ex parte Russell, 71 Texas Crim. Rep., 377.)˙ If so, bail was correctly denied.

. The law of our State on this question is well, and has long been, established, not only by our constitutional and statutory provisions, but by our decisions, as well. We will cite and quote from some of our decisions—not all of them to.the same effect, by any means.

In Ex parte Evers,. 29 Texas Crim. App., 539, this court, by Judge Davidson, said:

" 'All prisoners shall be bailable by sufficient sureties unless for capital offenses when the proof is evident.' Bill of Rights, sec. 11. By virtue of this provision the right of bail is secured to all persons in this State who are accused of crime except in cases where the evidence manifests with reasonable certainty that the accused party is guilty of a capital offense. McCoy v. State, 25 Texas, 33; Ex parte Coldiron, 15 Texas Crim. App., 464; Ex parte Smith, 23 Texas Crim. App., 100.

"The rule in this State for determining whether or not bail should be granted is as follows: 'If the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right.' Ex parte Smith, 23 Texas Crim. App., 100. Stated in another form it is thus laid down: 'If, upon the whole testimony adduced, the court or judge entertains a reasonable doubt whether the relator committed the act, or whether in doing so he was guilty of a capital crime, bail should be granted.' Same authority, 126: *'This rule applies when the case is considered on appeal, the court keeping in mind the prima facie legal presumption that the action of the trial judge was correct.'* (Italics added.) Same authority.

" "To the mind of the tribunal passing upon the evidence the guilt of the applicant of a capital offense may be evident—and yet there may be evidence in conflict with such inculpatory evidence. It is not all conflicting, exculpatory. evidence that will have the effect to raise a reasonable doubt of guilt and destroy or impair the force of "evident proof" made by inculpatory evidence.' Same authority."

In Smith v. State, 23 Texas Crim. App., 100, cited by Juage Davidson, it is said the rule is: " 'If the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that

the offense has been committed; that the accused is the guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right,'" and further (pp. 126-7): This rule "is, as we understand it, in harmony with the constitutional requirement that bail shall be granted unless the proof is evident. It is, in effect, the same rule stated as a correct one in Bridewell's case, 57 Miss., 39, but in different language, that is, 'If, upon the whole testimony adduced, the court or judge entertains a reasonable doubt whether the relator committed the act, or whether in so doing he was guilty of a capital crime, bail should be granted.' This rule applies when the case is considered on appeal, the court keeping in mind the prima facie legal presumption that the action of the trial judge was correct.

"A majority of the court are not to be understood as holding that under the operation of this rule the evidence, though *conflicting,* may not at the same time be *evident.* To the mind of the tribunal passing upon the evidence the guilt of the applicant of a capital offense may be *evident;* that is, clear, strong, not admitting of a reasonable doubt, and yet there may be evidence in conflict with such inculpatory evidence. It is not all conflicting, exculpatory evidence that will have the effect to raise a reasonable doubt of guilt and destroy or impair the force of 'evident proof' made by inculpatory evidence. It is for the judge or court who hears the testimony to consider the evidence as a whole, and if by the entire evidence a reasonable doubt of the applicant's guilt of a capital offense is not generated, the proof is evident and bail should be denied."

In Ex parte Jones, 31 Texas Crim. Rep., 422, this court, by Judge Simkins, again said:

"Bail should be granted in murder cases unless, upon examination of all the evidence adduced, the court should conclude that the proof of guilt is evident, and the accused would be convicted of murder in the first degree if the law was administered. The guilt of the accused may be evident, though there may be conflicting testimony. Ex parte Smith, 23 Texas Crim. App., 100; Drury's case, 25 Texas, 45. 'Proof is evident' if the evidence adduced on an application for bail would sustain a verdict convicting the applicant of murder in the first degree. Foster's case, 5 Texas Crim. App., 625."

In Ex parte King, 56 Texas Crim. Rep., 68, this court by Judge Ramsey, said:

"The testimony introduced on the part of the State is amply sufficient, if true, to show that relator is guilty of murder in the first degree. His defense consists of proof of alibi, and also involves to some extent an attack and impeachment of the State's witnesses. The case is peculiarly one of fact, and in respect to a matter of this sort, as we view it from the statement of the evidence contained in the record, the judgment of the trial court should not be set aside where there is proof showing the defendant's guilt to be evident. We are not prepared to say the action of the court below was without ample warrant, and without comment on the testimony we deem it our duty to

affirm the judgment of the court below, which is here done." That case is specially and peculiarly applicable to this. See also Ex parte Cabrera, 53 Texas Crim. Rep., 466; Ex parte Brown, 63 Texas Crim. Rep., 613; Ex parte Finney, 70 Texas Crim. Rep., 284.

As said by Judge Ramsey, in King, supra, so we say in this case: "We are not prepared to say the action of the court below was without ample warrant, and without comment on the testimony, we deem it our duty to affirm the judgment of the court below, which is here done."

*Affirmed.*

[Rehearing denied October 13, 1915.—Reporter.]