## DICK HAYS v. THE STATE.

No. 9321. Delivered June 2, 1925.

**Sale of—Intoxicating Liquor—Evidence—Failure to Testify—On Examining Trial—Inadmissible.**

Where on a trial for selling intoxicating liquor, the state was permitted to recall the appellant to the witness stand, and to ask him "You didn't testify in the examining trial of this case, did you" to which he replied "No sir" the admission of this testimony was error demanding a reversal of the case. See citation under Art., 790, page 720, Vernon's C. C. P.; also Eads v. State, 147 S. W. 592; Swilley v. State, 73 Tex. Crim. Rep. 619 and Brown v. State, 57 Tex. Crim. Rep. 269.

Appeal from the district Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*King, Mahaffey & Wheeler,* and *E. A. Smitha,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in district court of Bowie County for selling intoxicating liquor; punishment fixed at one year in the penitentiary.

There are four bills of exception in the record, only one of which needs any discussion. The third bill of exceptions sets out the fact that after leaving the witness stand appellant was recalled by the district attorney who asked him the question: "You didn't testify

in the examining trial of this case, did you?'' to which the defendant answered, ''No, sir''. The bill shows that to this question and answer objection was made and exception taken as being violative of the law forbidding reference to the failure of the accused to testify. Under Art. 790, p. 720, Vernon's C. C. P., appears citation of many authorities, among them Eads v. State, 147 S. W. Rep. 592, holding it improper to refer to the fact that the accused failed to testify in an examining trial; and Swilley v. State, 73 Texas Crim. Rep. 619, holding it improper to ask the accused whether he had testified at a hearing on habeas corpus at a former time, also Brown v. State, 57 Texas Crim. Rep. 269, holding it reversible error for the prosecuting attorney to ask the accused whether he had testified on a former trial, even though the court on request withdrew the matter from the consideration of the jury.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*