G. R. SMITH v. THE STATE.

No. 12706.   Delivered November 6, 1929.
Rehearing denied January 22, 1930.
Second motion for rehearing denied March 5, 1930.
Reported in 24 S. W. (2d) 1095.

316

The opinion states the case.

*A. L. Curtis* of Belton and *McClellan & Cross* of Gatesville, for appellant.

*Tom L. Robinson,* Dist. Atty. of Gatesville, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for two years.

Operating under a search warrant officers went to appellant's residence and found therein seven gallons of whiskey, a complete still and some mash. Appellant was served with a copy of the search warrant at the time the search was made. Appellant offered no testimony on the trial of his case.

We find no exceptions to the court's charge. The court adjourned on the 2nd day of March, 1929. Appellant's bills of exception were filed on the 27th of April, 1929. No extension of time for the filing of the bills was granted by the trial court. Art. 760, Sub-division 5, C. C. P. allows thirty days after the day of adjournment of court for filing bills of exception. There being no order in the record extending the time, and said bills not having

been filed within thirty days after the adjournment of court, we are compelled to hold they were filed too late. Mann v. State, 277 S. W. 1085.

The evidence being sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear that an order extending the time for filing bills of exception was duly entered in the minutes of the trial court. This order is brought forward. Having been filed in time, the bills of exception are now considered.

Appellant objected to the testimony of the officers touching the result of the search on the ground that there was not set forth in the affidavit for the search warrant facts and circumstances sufficient to show "probable cause." After stating that they had good reason to believe and did believe that intoxicating liquors were being manufactured and sold in appellant's residence, the affiants made the following statement:

"Affiants' information is based on the fact that they have been informed that within the last thirty days G. R. Smith had containers, instrumentalities and equipment for the purpose of the unlawful sale and manufacture and possession of intoxicating liquor and liquors; that the said G. R. Smith unlawfully has such intoxicating liquors, containers, and instrumentalities for the unlawful manufacture, transportation and sale thereof in his possession and has charge and control of, and is keeping and is interested in keeping the property and premises above described where same are kept, as aforesaid."

The objection was properly overruled. In Rozner v. State, 3 S. W. (2d) 441, we held that a statement to the effect that the affiants had been informed that about ten days or two weeks prior to the making of the affidavit the accused had fifteen gallons of whiskey in his smokehouse "presented such a state of affairs that this court would have no right to say as a matter of law that the magistrate has abused his discretion in deciding that probable cause existed for authorizing the warrant to issue."

Appellant further objected to the receipt of the testimony of the officers on the ground that it was not shown in the affidavit that his

residence was a place where intoxicating liquor was manufactured or sold. An examination of the affidavit discloses that the affiants averred appellant's residence was a place where intoxicating liquor was sold and manufactured. Considering the affidavit in its entirety, it would appear that it is clearly shown that appellant was manufacturing intoxicating liquor.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In view of a defect in the record, the merits of the case could not be passed upon on the original hearing. The record having been perfected, the appellant's second motion for rehearing is entitled to consideration.

In a very forceful argument appended to the motion, it is asserted that the validity of the search warrant issued upon the affidavit discussed and partly quoted in the original opinion is in conflict with previous decisions upon the same subject, notably Chapin v. State, 296 S. W. 1095; Veeder v. United States, 252 Fed. 414. Upon the questions raised, this court has, in previous decisions recently rendered, expressed its views in language as definite as it is capable of making it, and must of necessity content itself with reference to the cases mentioned. It was there stated that *belief* on undisclosed information does not show probable cause for a search as that term is used in the State and Federal Constitutions. In a quotation from one of the Federal decisions in Chapin's case, supra, it is said:

"If the sworn accusation is based on fiction, the accuser must take the chance of punishment for perjury. Hence the necessity of a sworn statement of facts, because one cannot be convicted of perjury for having a belief, though the belief be utterly unfounded in fact and law." (Veeder v. United States, 252 F. 414, 164 C. C. A. 338.)

It is the contention of the appellant in substance that the affidavit for the search warrant, to be valid, must contain not only the *information* which would show "probable cause" but it must also disclose the *source* of the information. Such a construction has been rejected by this court in several cases. In Rozner's case, 3 S. W. (2d) 441, it is said of the affidavit:

"It recites specifically that affiants had been informed that about 10 days or 2 weeks past appellant had 15 gallons of whisky in his smokehouse."

This was held to be a sufficient compliance with the rule stated above.

In Ruhmann's case, 22 S. W. (2d) 1069, the most recent one published upon the subject, it was said:

"If we understand appellant's contention, it is that such averment states no fact, but gives only information which has reached the affiants, without naming the informant, and is only hearsay. Appellant seems to assume that 'probable cause' for the issuance of a search warrant cannot arise from hearsay. We think this is a mistaken view. The definition of probable cause, as found in Landa v. Obert, 45 Tex. 539, which is approved in Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095, and is in substance the same as other definitions sanctioned by the courts and text-writers, reads as follows:

" 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.' "

For further elaboration of the views of the court reference is made to the report of the case last mentioned above. The conclusion there stated may be thus summarized: One who swears that he has certain detailed and disclosed information which in fact he does not possess perjures himself. If the information detailed to the magistrate is sufficient, if true, to constitute probable cause, it is for him to determine whether he believes it to be true, and the issuance of the warrant (which implies the belief of the magistrate in the truth of the affiant's statement), is supported by the affidavit.

The motion is overruled.

*Overruled.*