## J. F. Davis v. The State.

No. 13888.   Delivered February 4, 1931.
Rehearing Denied March 25, 1931.

The opinion states the case.

*Jno. B. Littler, C. P. Rogers, E. F. Duncan* and *Tracy. T. Smith,* all of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction for the possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The evidence for the State shows that officers of Howard County, armed with a search warrant, on or about the 10th day of December, 1929, searched the house of the appellant, situated in Big Spring, Howard County, Texas; that before going to said house they met the appellant, Davis, uptown; that they informed the appellant that they had a search warrant for his premises and wanted to search his place and wanted him to be present and go along with them. Appellant consented. The testimony further shows that when the officers got up on the porch of the appellant's house that they heard glass breaking inside the house; that they immediately went back to where they could see the glass, the bathroom of the house, and there found the appellant's wife and daughter and two jars of whisky had been broken and they also found eight half-gallon jars of whisky, which were sitting on the floor of the bathroom. They were in a paste board case or box with some soiled clothes piled up in the corner also, and that the appellant was present at the house at the time the search was made. That when they came out of the house with the whisky, the appellant had left, but that he came in the next day and gave himself up.

Appellant contended that the whisky belonged to a man by the name of L. E. Johnson; that the said L. E. Johnson brought it there and had asked permission to leave it there and that they did not know what was in the box when he first brought it there. The wife and daughter of appellant testified that the reason they were breaking Mr. Johnson's whisky at the time the officers came was because they were afraid that they would be blamed for having said whisky on the premises.

The bills of exception in this case show qualifications to each and everyone by the trial judge, but as said qualifications were objected to by the appellant, the same cannot be considered in passing upon appellant's bills of exception.

Bill of exception No. 1 complains of the action of the trial court in permitting the State's attorney to file substitutes or copies of affidavit for search warrant and search warrant authorizing the search of appellant's residence because there was no evidence introduced to the effect

that the copies or substitutes offered were exact and true copies of the original affidavit and search warrant. The only evidence being introduced was that of James Little, County Attorney, who testified that said affidavit and search warrant were substantially true and correct copies. Said bill of exception shows that the appellant filed a motion in the trial court that there was no search warrant and affidavit on which same was based and moved the court that the State through the district attorney be ordered to forthwith file said search warrant and affidavit if it was ever issued with the District Clerk as the law directs, and that the appellant's attorney be given time to inspect same before announcing ready for trial. It further shows that with the filing of said motion the court instructed the District Attorney to file said affidavit and search warrant and the District Attorney replied that the same were lost and that he made a diligent search for same and that he thought they were, or had been among his private papers but he had been unable to find them, and requested the court that the State be permitted to substitute the affidavit and search warrant and the court permitted both to be substituted.

The appellant contends in his brief filed in this case that it may be true that the search warrant itself could be substituted the same as an information could be substituted in the county court but that the affidavit upon which said search warrant was issued was illegally substituted and therefore that the evidence introduced as to the whisky found in appellant's home was illegal on account of there being no affidavit for search warrant supporting said evidence. Article 418, C. C. P., provides that when an indictment or information has been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest the fact to the court; and the same shall be entered upon the minutes of the court, and that in such case another indictment or information may be substituted, upon the written statement of such attorney that it is substantially the same as that which has been lost, mislaid, mutilated or obliterated. Said bill of exception shows also that James Little, the County Attorney, testified that said affidavit and search warrant were substantially true and corect copies of the originals, which had been lost.

In the case of Bradburn v. State, 43 Texas Crim. Rep., 309, 65 S. W., 519, the appellant complained that the State supplied the complaint upon which the prosecution was based which was alleged to have been lost. Appellant objected to this on the ground that there was no authority of law to supply complaints, and that the law only applied to the substitution of indictments and informations. The court in passing upon the question said:

"Article 470 (now 418), Code of Criminal Procedure, only relates to indictments and informations, saying nothing about affidavits or complaints; but the latter is a part of the information, being based thereon.

However, article 1498 (now 2288), Revised Civil Statutes, provides for the substitution of lost records of all kinds, and, if other statutory authority were necessary, it could be found under said provisions. We hold that the substitution of the lost complaint was proper practice." Citing Huff v. State, 23 Texas App., 291, 4 S. W., 890.

The appellant by written motion having demanded that the search warrant and affidavit supporting it be filed, cannot complain of the substitution of the affidavit as well as the search warrant because of the fact that the search warrant must be based upon the affidavit and was therefore necessarily a part of the record. If the papers as substituted were not substantially the same as those which had been lost, it has not been shown or claimed. We hold that the action of the court as reflected by this bill was not erroneous under the facts.

By bill of exception No. 2 appellant complains of the court's action in permitting the State's witnesses to testify over the objection of appellant as to what they found in the residence of the appellant for the reason that no affidavit for search warrant or search warrant had ever been produced in court except a substitute for each and that upon the face of the substituted affidavit it showed that the affidavit was made upon information and belief. From the affidavit complained of it appears that it was sworn to by one Jess Slaughter and D. D. Dunn and states that the affiants' information is based on the fact that they have been informed by credible persons that the said John Davis is selling intoxicating liquors on and about the above described premises and now has same in his possession thereon for the purpose of sale; and affiants believe this information and do solemnly swear that the said John Davis is selling intoxicating liquors on and about the above described premises and now has same in his possession thereon for the purpose of sale.

The contention of appellant in substance is that the affidavit for search warrant to be valid must contain not only the information which would show probable cause, but that it must also disclose the source of the information. Such contention has been held adversely to the appellant by this court. In the case of Smith v. State, 114 Texas Crim. Rep., 315, 24 S. W. (2d) 1095, Presiding Judge Morrow in passing upon a like question in part stated:

"In Rhumann's Case, 113 Texas Crim. Rep., 527, 22 S. W. (2d) 1069, 1070, the most recent one published upon the subject, it was said: 'If we understand appellant's contention, it is that such averment states no fact, but gives only information which has reached the affiants, without naming the informant and is only hearsay. We think this is a mistaken view. The definition of probable cause, as found in Landa v. Obert, 45 Texas, 539, which is approved in Chapin v. State, 107 Texas Crim. Rep., 477, 296 S. W., 1095, and is in substance the same as other definitions sanctioned by the courts and text-writers, reads as fol-

lows: 'A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.'

"For further elaboration of the views of the court, reference is made to the report of the case last mentioned above. The conclusion there stated may be thus summarized: One who swears that he has certain detailed and disclosed information which in fact he does not possess perjures himself. If the information detailed to the magistrate is sufficient, if true, to constitute probable cause, it is for him to determine whether he believes it to be true and the issuance of the warrant (which implies the belief of the magistrate in the truth of the affiant's statement) is supported by the affidavit."

The affidavit for search warrant in this case is in substantial compliance with the above rule and therefore appellant's bill of exception No. 2 is not well taken.

Bill of exception No. 3 complains of the receiving in evidence of the testimony of the State's witness that he knew the whisky found at the residence of appellant belonged to him on account of the way he looked when he arrested him and on account of appellant's reputation, the objection being that appellant's reputation not being placed in issue, no predicate had been laid to prove his general reputation. This bill of exception fails to show questions in response to which it was given and fails to show who elicited it. Where a bill of exception complaining of the admission of testimony wholly fails to show whether the testimony was elicited by the State or by the defendant, we are wholly unable to say whether or not its admission was error. This being the condition of appellant's bill of exception No. 3, it presents no error for review. 4 Texas Jur., Sec. 210.

Bill of exception No. 4 complains of the action of the District Attorney, while making his closing argument to the jury, in using the following language:

"That he could have indicted both the wife and daughter of defendant but that he protected them and did not do so."

Appellant then and there objected for the reason that same was highly inflammatory and prejudicial in that the defendants' wife and daughter were material witnesses for defendant and said statement by the District Attorney had a tendency to discredit them as witnesses before the jury and requested the court to instruct the jury not to consider said argument, which the court failed to do. The court instructed the District Attorney to stay within the records, but did not instruct them not to consider same, to which action the appellant then and there excepted.

Bill of exception No. 5 complains of the action of the District Attorney, while making his closing argument to the jury, in stating that the defendant sought to beat his case on technicalities which were discussed

while the jury was out. Appellant excepted to said remarks and requested the court to instruct the jury not to consider same, and the court did so instruct the jury. Appellant further contends that although the court instructed the jury not to consider same, that it was of such harmful nature that its effect could not be withdrawn from the jury by the instruction of the court. We do not think that the language complained of showed such prejudice to the rights of the appellant, under all the facts and circumstances of this case, especially in view of the fact that the minimum penalty was assessed.

In the case of Silver v. State, 110 Texas Crim. Rep., 512, 8 S. W. (2d) 144, 148, 9 S. W. (2d) 358, in passing upon a motion for rehearing, Judge Hawkins speaking for the court, stated in part as follows:

"Another thing that must be borne in mind is that the facts and surroundings of the particular case should be looked to in determining the effect of an argument complained of. The same language under a certain state of facts might be highly prejudicial, and not so regarded under other circumstances."

No error being shown, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We find upon re-examination of the record that the daughter of appellant, testifying for the defense, swore that the officers found upon the premises of appellant the same liquor, to the finding of which the officers testified. In such case we have uniformly held that even if there were defects in the search warrant or affidavit, same would be of no materiality. McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54. Hence the question of the substitution of the affidavit and search warrant would cut no figure.

The only ground of objection set up in bill of exception No. 3 was that defendant's reputation had not been placed in issue, and that there was no evidence that he was a bootlegger, or had been arrested for an offense of any kind, and hence no predicate had been laid to prove appellant's general reputation. There appears nowhere the slightest certification of the trial court as to the truth or merit of any of these objections. A bill in this condition brings before us nothing tangible. What we have just said applies also to the appellant's bill of exception No. 4. For aught that appears in the bill of exception, the record may abound with testimony showing that the prosecuting attorney actually prevented the indictment of appellant's wife and daughter. Every bill of exception must manifest its own error, that is, must set out sufficient facts and

surrounding circumstances to the matter deemed objectionable, to apprise this court of the availability and sufficiency of such objection. This was not done in the bill under consideration. What we have said also applies to bill of exception No. 5 In the absence of some showing in the bill, we can not tell what basis there was in fact for the argument of the prosecuting attorney therein objected to.

The motion for rehearing will be overruled.

*Overruled.*