## ALTON ARMSTRONG V. THE STATE.

No. 20219.   Delivered March 1, 1939.

The opinion states the case.

_T. R. Mears,_ of Gatesville, for appellant.

_Lloyd W. Davidson,_ State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for rape. The punishment assessed is confinement in the state penitentiary for a term of five years.

Appellant's main contention is that the evidence is insufficient to justify and sustain his conviction for rape, claimed to have been accomplished by the use of force.

Prosecutrix testified that she was twenty-five years of age and lived with her parents at the time of the alleged occurrence. That on the 3d of May, 1938, she and her mother were canning greens. That about 11 a. m. she went to Cow House Creek to get some water in which to wash the greens. When she got there, she noticed appellant sitting on the bank putting on his shoes. He had a shotgun lying by his side. After she had filled her bucket with water and started back to the house, appellant followed her, took her by the arm, and requested her to go back to the creek with him and have sexual intercourse. She demurred, but he told her that if she did not do so, he would kill her. He lead her down the creek a short distance, commanded her to lay down, pulled up her dress, then pulled down her underclothes and had an act of sexual intercoure with her. She stated that she would not have permitted him to do so had he not had the gun with him. After the act was completed, he got up and told her that if she ever told it, he was going to kill her. She then picked up the water buckets and carried them home and assisted her mother in gathering and canning greens. She made no report of the incident at the time to either her mother, father, or uncle who was making his home with her parents. When she returned home her clothes were not disarranged, she was not crying, not excited, nor was her conduct and appearance such as to attract the attention or arouse the suspicion of anyone that anything unusual had happened. She continued to perform her duties until twenty-three days after the alleged occurrence when she told her father. In the meantime, she had not been sick, except for one day. She claims that the reason she did not tell it earlier was because appellant had threatened to kill her in the event she did so. Appellant was about nineteen years of age and lived some distance from her home. After she got home she had all the protection she might need.

Appellant testified in his own behalf, denied his guilt and testified that he plowed on the morning in question until 11:30 A. M. when he went to the house for the noon meal. His neighbors testified to seeing him in the field plowing until about noon and then going to the house.

Disregarding the defensive testimony and considering the case entirely from the state's evidence, we do not believe it is sufficient to sustain the conviction in that it does not comport with human experience. What woman, who had been forcibly outraged, would calmly and complacently return to her home, pursue her occupation without sign of agitation or excitement

as though nothing out of the ordinary had occurred. Such conduct is not indicative of an outraged woman.

As a general rule, a conviction for rape will not be sustained on the uncorroborated testimony of a woman who waits too long before she announces that she has been raped; especially is this true when she claims that the act was committed by force and threats, when in a very short time after the commission of the alleged offense she is in her home surrounded by her people who are able to give her all the necessary protection. See Price v. State, 36 Tex. Crim. Rep., 143; 35 S. W., 988; Gray v. State, 93 S. W. (2d), 1146.

Bill of exception number five complains of the action of the court in permitting the district attorney, on cross-examination of the appellant, to ask him if he had not declined to take the witness stand at the examining trial and deny his guilt after he had heard the prosecutrix testify that he had raped her. This is inhibited by Art. 710 C. C. P. The fact that one accused of crime declines to take the witness stand and deny his guilt is not to be used as evidence against him. See Eads v. State, 147 S. W., 592; Swilley v. State, 166 S. W., 733; Hays v. State, 274 S. W., 579.

This error alone would require a reversal of the judgment, but as above stated, we also consider the evidence insufficient to sustain the conviction.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.