EX PARTE EDWARD MERRILL.

No. 23693. Delivered April 23, 1947.

*Bennett & Bennett,* of Normangee, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Appellant, relator in the court below, stands charged by indictment with the offense of rape by force and violence.

By writ of habeas corpus, he sought bail pending trial. After hearing, bail was denied. From this order this appeal has been perfected.

Prosecutrix, eighteen years of age, testified that appellant at night by the side of· a road to which he had driven the automobile in which they were riding, after having struck, beaten, and knocked her to the ground, forcibly raped her. Nearby parties, hearing her screams, went to her aid; officers were summoned. She was carried to a hospital where the scratches and lacerations about her head were dressed. To none of these persons did prosecutrix complain that she had been raped. We quote from her testimony:

"When those men came up there I did not tell them that I was criminally assaulted, and when I got to the hospital I did not tell them I had been criminally assaulted because I was among strangers and I didn't want them to know it."

She testified further:

"I told the officers at the hospital that I didn't think he had assaulted me because I was among strangers and I didn't want them to know it. In other words, I was embarassed about it."

This last statement on the part of the prosecutrix in all probability accounts for the absence of testimony showing that an examination was made of her at the hospital.

As to the fact of the assault, that is, the beating and bruising by the appellant, prosecutrix is abundantly corroborated; as to the fact of rape or penetration, there is no corroboration. Penetration is an essential element of the crime of rape, without which there cannot be rape.

Appellant did not testify, nor did he offer any testimony.

By the provision of Art. 1, Sec. 11, of the Constitution and Art. 5, C. C. P., all cases are bailable unless the proof is evident. An essential element to constitute proof evident, as there used, is that the accused is guilty of the capital offense charged. Branch's P. C., Sec. 224; Ex Parte Sapp., et al, 77 Tex. Cr. R. 400, 179 S. W. 109; Ex Parte Vermillion, 102 Tex. Cr. R. 590, 280 S. W. 771; Ex Parte Cantu, 135 Tex. Cr. R. 281, 117 S. W. (2d) 1102; Ex Parte Suger, 192 S. W. (2d) 159; Ex Parte Kennedy, 190 S. W. (2d) 825; Ex Parte Pettis, 60 Tex. Cr. R. 288, 131 S. W. 1081.

It is the general rule that in cases of rape by force where the prosecutrix is over the age of fifteen years, a conviction will not be sustained upon the uncorroborated testimony of the prosecutrix who failed to make prompt outcry or report of the rape when opportunity to do so was reasonably afforded. Branch's P. C., Sec. 1784; Gray v. State, 130 Tex. Cr. R. 289, 93 S. W. (2d) 1146; Armstrong v. State, 136 Tex. Cr. R. 333, 125 S. W. (2d) 578; Hughes v. State, 136 Tex. Cr. R. 210, 124 S. W. (2d) 349. Such rule is founded not upon the idea that such failure to make outcry tends to connect the prosecutrix with the alleged crime and therefore require that she be corroborated as an accomplice but because it tends to lessen or diminish the credit to be given to her testimony. Of course the prosecutrix may explain the reason she failed to make outcry or report of the rape. The reasonableness of such explanation, however, is for the jury to determine.

Whether the explanation prosecutrix in this case made of her failure to acquaint those who came to her rescue and aided her with the fact that she had been raped by appellant, as also the fact that she advised those at the hospital that she didn't think she had been assaulted, are matters for the jury.

Under the facts stated, we are unable to agree that this is a case in which the accused is not entitled to bail.

Consequently, the judgment of the trial court is reversed and bail is granted in the sum of $7,500.00.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.