This is an appeal from an order of Judge W. D. Howe, of the Thirty-Fourth Judicial District Court, Hudspeth County, in a habeas corpus proceeding, refusing to grant bail to the appellant.
The record shows that appellant stands charged by indictment with the offense of statutory rape on his twelve-year old stepdaughter. A hearing was had on the application and the facts brought forward in the appeal consist of the evidence of the injured party charging the appellant with repeated acts of sexual intercourse with her for a period of approximately a year. The record also contains a memorandum of a doctor who examined the child shortly before the charge was brought against appellant, in which the doctor states that the condition which he found and described was such that 'It is my opinion that this girl is physically capable of sexual intercourse and the condition found could indicate that sexual intercourse has occurred.' The only evidence offered by the appellant was that of the Sheriff of El Paso County, where appellant had formerly lived, as to his good reputation. It is also stated in the record that he will be able to make bond in any reasonable amount.
The argument is presented that testimony of the prosecuting witness is inconsistent and pictures a situation contrary to human experience and, therefore, is impossible. As we view it, it is not contrary to human experience. We wish that it were. It is contrary to human decency, but the records of this Court will disclose that situations not too far different have arisen from time to time since the Court's establishment. We are unable to refute the evidence on that theory. The child described the premises in which her step-father and the mother, with their combined families, resided during the time. A bedroom was occupied by the parents. Next to it, and between it and the room occupied by four little girls, was a kitchen. The parents would pass through the kitchen and through the room in which prosecutrix slept, with three other small children, to the next room which was the bath. Beyond that a brother slept in another room. She told in perfect detail, with much reluctance and after repeated insistance in answering the questions, of the efforts of the accused to have intercourse with her in the beginning, and of the repetition of the offense, in their bedroom and also at the ranch some distance away from where they resided, as well as at other times and places. It is not *Page 839 
for this Court to say that her testimony is untrue, or that it will be disbelieved by a jury. The trial judge heard her evidence, viewed the witness and, in the exercise of his discretion in the matter, refused bail. We find no possible reason to support the argument that he abused his discretion. Consequently, there is no foundation for a conclusion on our part that he should have granted bail.
The question presented to us has been frequently discussed in recent opinions. The decisions of this Court have not always been to the liking of all members of the Court, and there is ground for argument in favor of overruling the order refusing bail in many cases. We frequently grant bail, as the records readily disclose. In the instant case, however, there should be no diversity of opinion. The appellant gave no indication of a defense.
The judgment of the trial court should be affirmed and it is accordingly done.
On Appellant's Motion for Rehearing.