**Ex parte David PICKENPAUGH.**

**No. 37983.**

Court of Criminal Appeals of Texas.

March 10, 1965.

———◆———

Abraham & Chagra, by Lee A. Chagra, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Jack N. Fant, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was charged by complaint in Justice Court No. One of El Paso County with the offense of rape by force. Bail was denied by the magistrate. This appeal is from an order entered in a habeas corpus proceeding, by District Judge William E. Ward, refusing to grant him bail.

At the hearing the prosecutrix, who worked for appellant in his home, testified to a most brutal assault and rape committed upon her by the appellant. She stated that on the night in question appellant came to her room, where she was in bed, and had a conversation with her. He then took her to his room and, after handcuffing her hands behind her and physically mistreating her, proceeded to have sexual intercourse with her without her consent. After the act of intercourse, appellant put her in a bath tub half filled with water and proceeded to sit on top of her. He then dragged her out of the tub by her hair and put her head down in a toilet bowl and turned on the water. In the assault which lasted approximately six hours and culminated in the prosecutrix losing consciousness, appellant struck prosecutrix with a belt, burnt her with matches, kicked her with his feet, and committed acts of sodomy upon her. At the conclusion of the assault the prosecutrix fled to a neighbor's home, still handcuffed and totally undressed, and after reporting the attack she went to a hospital where she was confined for two weeks.

■ By the provisions of Art. 1, Sec. 11, of our State Constitution, Vernon's Ann.St., all cases are bailable unless for capital offenses where the proof is evident. "Proof Evident" means that a dispassionate jury would, under the evidence, not only convict but assess the death penalty. Ex parte Washburn, 161 Tex.Cr.R. 651, 280 S.W.2d 257.

■ Under the record here presented the conclusion is reached that the trial judge did not abuse his discretion in denying bail.

The rule stated in Ex parte Merrill, 150 Tex.Cr.R. 365, 201 S.W.2d 232, and relied upon by appellant, that in cases of rape by force where the prosecutrix is over fifteen years of age, a conviction will not be sustained upon the uncorroborated testimony of the prosecutrix who failed to make outcry or report the rape when opportunity to do so was reasonably afforded, is not here applicable where the prosecutrix did make prompt outcry.

The judgment of the trial court refusing bail is affirmed.

Opinion approved by the Court.