ZACK (CLIFF) BLACKMON v. THE STATE.

No. 5739. Decided March 31, 1920.

**Rape—Sufficiency of the Evidence.**

Where, upon trial of rape, upon a female under the age of consent, the evidence was sufficient to sustain the conviction, there was no reversible error, and unsworn contradictory statements were not sufficient to overcome the testimony of prosecutrix, that defendant had sexual intercourse with her and effected penetration, and the case was one of fact to be settled by the jury.

Appeal from the District Court of Palo Pinto. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of rape; penalty, fifteen years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

Cited: Watkins v. State, 78 Texas Crim. Rep., 66; Marion v. State, 80 Texas Crim. Rep., 480; Wood v. State, 80 id., 400.

MORROW, Judge.—The conviction is for rape, and punishment fixed at confinement in the penitentiary for a period of fifteen years.

The sole question is the sufficiency of the evidence. The injured party was Tersa Krencewecz, a child thirteen years of age. By election, the State relied upon the act of intercourse occurring on the 29th day of May, 1919. The prosecutrix testified: "I know what intercourse means. He did take out his privates and put it into my little privates. He done me that way about twelve times. Sometimes it would hurt. It hurt me twice, it hurt me the last time. He done me that way May 29, 1919." From other parts of her testimony it appears that the last act was on May 29. Prosecutrix was working for the appellant, and went from her home for that purpose. She said he threw her on the bed, and put his hand over her mouth and said "Don't holler;" that if she told anybody they would put her in jail and her mother would whip her; that fearing these things she did not disclose his conduct. On cross-examination, she said: "Yes, I said he put his male part in my privates. That is true. He did the first time and all the time. He tried lots of times. He did get it in once a little. I don't know how deep, about that deep," indicating more than half an inch. She also said: "He tried to put it in lots of times. Just put it between my legs. He didn't get it in the first time, but put me on the bed and tried to; put it between my legs." She said on cross-examination: "I told the justice of the peace that he never did get it in, that he tried to get it in, that he tried to get it in lots of times, and he said if I hollered somebody would hear me. I started to holler, and he put his hand over my mouth." She said that when she was before the justice of the peace she was scared, and was still afraid. She further testified on re-direct examination that he tried to get it in a number of times, but succeeded only one time. She was a Polish girl, and said she didn't understand the English language well. The stepfather of the prosecutrix testified that after being arrested the appellant offered to pay $70 to the witness to get a marriage license so he, appellant, could marry the girl and avoid prosecution. There was other evidence that the girl had been about the house of the appellant. Appellant testified, and denied any misconduct towards the girl, also denied the offer to pay her stepfather in order to keep the matter out of court. Appellant was an unmarried man, about fifty years of age.

Bearing in mind the rule under which the testimony of the prosecutrix in a case of rape is scrutinized with more than ordinary care, we are unable to conclude that in the instant case we would be warranted in overturning the verdict approved by the trial judge. It is true that in her conversation with the justice of the peace the prosecutrix stated that there was no entry into her privates. She was a young girl, a foreigner, her father was dead, and her mother remarried. It was shown without dispute that in her conversation with the justice of the peace she was frightened and crying, that she had

previously been told by the appellant that she would be put in jail if she told, that she was afraid her mother would whip her. We gather from the curcumstances of the case that her mother was not careful of her environment and surroundings—she was permitted to go out to work without protection—and we think that the fact that she denied to the justice of the peace that there had been an entry was not so conclusive against her testimony given upon the trial as to warrant its withdrawal from the jury. She was subjected to a searching cross-examination, there was no contradiction proven in her statement that on numerous occasions the appellant had tried to penetrate her vagina, and her statement that he did succeed in partially doing so on the occasion in question is apparently not unreasonable. The evidence of appellant's effort to induce the stepfather of the prosecutrix by offering him money to refrain from prosecution furnishes some corroboration of the story of the prosecutrix. As a general rule, self-contradiction by a witness is not destructive of the evidence to which the jury has given credit, especially where, as in this case, the record discloses facts explanatory of the contradiction. Wigmore on Evidence, Sec. 1008; Cyc., vol. 40, p. 2586. The adequacy of the testimony of the prosecutrix in rape to sustain the conviction where she gives testimony to sufficient criminating facts which are believed by the jury, has often been recognized in this and other states. Hill v. State, 77 S. W. Rep., 808; Underhill on Crim. Evidence, Sec. 414. The instant case is unlike that of Galaviz v. State, 82 Texas Crim. Rep., 378, and Blair v. State, 56 S. W. Rep., 622. In those cases the prose-cutrix under oath gave definite testimony negativing the facts essential to the guilt of the accused. This being unexplained, and the prosecutrix being uncorroborated as to the material facts, we held her testimony of the facts showing guilt insufficient to establish it beyond a reasonable doubt. In the instant case, the conflicting statement does not appear to have been made under oath, reasons satisfactory to the jury explaining its making were given, and there is some corroboration of her evidence.

The law requires penetration, but not to any particular extent. The testimony of the prosecutrix on that subject, if true, showed sufficient penetration to constitute the offense of rape. Whether it was true was, under the evidence, we think, a question for the jury; and their solution of it against the appellant, approved by the trial judge, we do not feel warranted in overturning.

The judgment is affirmed.

*Affirmed.*