### Juanita Youngblood v. The State.

No. 7008.   Decided June 7, 1922.

Rehearing Denied October 18, 1922.

#### 1.—Bawdy House—Information—Practice on Appeal.

This court cannot consider a complaint of the sufficiency of the State's pleading which does not go to any fundamental defect, when made for the first time in this Court.

#### 2.—Same—Sufficiency of the Evidence.

Where, upon trial of keeping a bawdy house. etc., the evidence supported the conviction. there was no reversible error.

#### 3.—Same—Motion for New Trial—Practice in Trial Court.

Where appellant in her motion for new trial set up the facts that an officer had testified falsely with regard to the number of times that she had been arrested and paid fines for prostitution, there was no error in overruling said motion.

**4.—Same—Rehearing—General Reputation—Rule Stated—Character of House.**

The character of the house, in a prosecution for keeping a bawdy house, may be established by proof of its general reputation, but such proof alone will not support a conviction, but where, in the instant case, there was evidence to show that its inmates were common prostitutes, the conviction is sustained.

Appeal from the County Court of Wichita, Tried below before the Honorable Guy Rogers.

Appeal from a conviction of keeping a bawdy house, etc., penalty a fine of $200, and twenty days confinement in the county jail.

The opinion states the case.

*Mathis and Caldwell,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at law of Wichita County of aiding and assisting in the keeping of a bawdy house, and her punishment fixed at a fine of $200 and twenty days in the county jail.

The case is before us without a single bill of exceptions. There was no motion made to quash the complaint or information in the trial court, and no motion in arrest of judgment. We cannot consider complaints of the sufficiency of the State's pleadings which do not go to any fundamental defect, when made for the first time in this court.

The evidence introduced on behalf of the State appears to us amply sufficient to justify the verdict. It was shown by witnesses that appellant had been for many years a common prostitute, and her statements to various people of her ownership and control of the premises charged to have been occupied by her as a bawdy house, appear in the record. There is much evidence of the resorting to said place of many people for a long period of time and of the presence there of other women of similar reputation to that of appellant. It was shown that on one occasion a woman and man were found in bed together in a rear room of the house and that appellnt attempted to give them some character of warning of the coming of the officers.

In her motion for new trial appellant set up the fact that an officer had testified falsely with regard to the number of times that she had been arrested and had paid fines for prostitution. We are unable to see how appellant's offer to prove the fact of such falsity in support of her motion for new trial, would have demanded at the hands of the trial court the granting of such motion. No reason is shown why said contradicting evidence might not have been produced upon the trial of the case if same was desired. We are not impressed with the fact that one may sit quietly by and listen to testimony as-

serting that such party has been arrested a number of times, and without any claim of surprise at such testimony, or any attempt at a postponement in order to have time to procure testimony to overcome that so claimed to be false, the trial be allowed by the accused to proceed to judgment and then an attack be made upon the judgment by way of a request that a new trial be granted in order to ' permit the bringing in of testimony to show that the evidence above mentioned was false.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### October 18, 1922.

MORROW, Presiding Judge.—Referring to Levy v. State, 84 Texas Crim. Rep., 493, appellant insists that the evidence is inadequate to support the judgment of conviction. We do not interpret the Levy case as changing the rule but simply as declaring that under the established rule the evidence was insufficient in that case. The rule is stated in many decisions, which are collated in Texas Crim. Statutes, Vol. 1, page 245; Stone v. State, 22 Texas Crim. App., 185. The character of the house may be established by proof of its general reputation, but such proof alone will not support a conviction. Sara v. State, 22 Texas Crim. App., 639; Romy v. State, 39 Texas Crim. Rep., 200. In the instant case the State does not depend on ' reputation alone. It also established appellant's connection with the house. There was evidence to show that its inmates were common prostitutes. It was permissible to prove their reputation as such. Wimberly v. State, 53 Texas Crim. Rep., 11; Golden v. State, 34 Texas Crim. Rep., 143; Spong v. State, 44 S. W. Rep., 837. Moreover, evidence of their acts and conduct tending to show circumstantially their occupation was before the jury. This character of proof has often been approved. Hickman v. State 59 Texas Crim. Rep., 88; Robins v. State, 60 Texas Crim. Rep., 323. A synopsis of the evidence is given in the original opinion. We deem it unnecessary to pursue it in detail, sufficient to say that our reconsideration of the record confirms our original conclusion that affirmance of the judgment was proper.

The motion for rehearing is overruled.

*Overruled.*