George Petty v. The State.

No. 7168. Decided November 1, 1922.

Decided March 28, 1923.

1.—Rape—Female Under Age of Consent—Order of Evidence.

Where, upon trial of rape upon a female under the age of consent, the testimony of the prosecutrix was not introduced by the State until after defendant himself had testified, *held* that there was no reversible error, as the latitude given to trial courts in the order of the introduction of testimony is almost without limitation, unless there be an affirmative showing of injury; besides the testimony of prosecutrix was principally in rebuttal.

2.—Same—Rehearing—Statutory Rape—Penetration.

If the conviction was for the offense of assault to rape the evidence in the instant case would support the conviction, but to constitute the offense of

rape proof of penetration is absolutely essential although this may be shown by circumstances, but it must be proved beyond a reasonable doubt.—Following Davis v. State, 43 Texas Crim. Rep., 189, and other cases.

**3.—Same—Rape—Penetration—Sufficiency of the Evidence.**

Where, upon trial of statutory rape, the prosecutrix, introduced on the part of the State, denied penetration, and simply admitted the effort on the part of the defendant to have sexual intercourse with her, but combatted the essential element of the State's case to establish the offense of which defendant is convicted, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Ellis. Tried below before the Hon. W. L. Harding.

Appeal from a conviction of statutory rape; penalty, five years imprisonment in the penitenitary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Ellis County of the offense of rape upon a girl under the age of consent and given five years in the penitentiary.

There was abundant evidence showing numerous occasions on which the appellant met the little girl in question, who was but fourteen years of age, and took her out riding in his car. Appellant was a married man. One witness testified positively to seeing an act of intercourse between appellant and prosecutrix. Two physicians who examined the child said that her private parts were enlarged so as that she could easily have had intercourse with a man.

There is but one bill of exceptions in the record which presents appellant's objection to the introduction of the girl as a witness after appellant had himself testified, it being objected that this was not rebuttal evidence. The latitude given to our trial courts in the order of the introduction of testimony is almost without limitation, and unless there be an affirmative showing of some injury or the probability thereof from the action of the court in allowing the State to introduce evidence after the defendant has closed, we will not ordinarily review the action of the court below. See Art. 718, Vernon-Sayles C. C. P. and authorities cited; Hewitt v. State, 10 Texas Crim. App. 506; Mancha v. State, 57 Texas Crim. Rep. 335. An examination of the testimony of the witness complained of reveals the fact that much of her testimony was in rebuttal. Appellant positively affirmed that he had never driven her out in his car but three times, and that he had never hugged her or kissed her, or indulged in familiarity with her person. She contradicted him upon each of the above questions.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

MORROW, Presiding Judge.—The subject of the alleged rape was Minnie Bryant, a girl under the age of fifteen years.

To prove the act of intercourse upon which the prosecution is founded, the State relied upon the testimony of one McCaulley. From his testimony it appears that he owned a meat market and that on various occasions he had seen the appellant and the girl in question meet on the street at a point near the market; that he had seen them having these meetings for two or three weeks; that appellant would be driving an automobile on these occasions and a number of times he had seen her get into the car and ride with the appellant, that on other occasions he had met the appellant and the girl while they were riding on the road; that he had seen them some five or six times as he went back and forth; that on or about the 13th of September, he saw them in the automobile close to the slaughter-house across the T. &. B. V. Railroad tracks, about a hundred yards. They were on the back seat "loving" one another; that he then saw her lie down on the seat; that he apparently saw her unfasten her supporters and lie down on the seat, and saw the appellant open his trousers, and saw him on top of her; that he could see their motions; that when they got through, they took a handkerchief and dried themselves off and threw it out of the car; that the automobile was standing near a slaughter-pen.

A doctor testified that he had made an examination of the vagina of the girl and found the parts in a condition indicating that she had had intercourse a number of times with some one; that is, that the vagina was in a condition which indicated that some object had passed into it a number of times; that he could not say that it was a male organ; and could not say that it was not due to masturbation. Another doctor testified to a similar state of facts.

Appellant testified that he had been riding with the girl on one occasion; that she had requested him to let her ride in his car. He denied having had improper relations with her.

The prosecutrix was introduced in rebuttal and testified that she had been out riding with the appellant a number of times; that he had kissed her on a number of occasions. That part of her testimony directly relating to the offense in question is as follows:

A. Well, I guess he was trying to have intercourse. Q. Don't you know? A. Well, yes. Q. What was he trying to do? A. To have intercourse. Q. What was he doing? A. Well, I said he was trying to have intercourse; but he didn't. Q. He did not? A. No, sir. Q. Did he have his arms around you then? A. No, sir. Q. When you met him at McCaulley's place of business down

here at Kaufman and East Main, would he always bring you back there? A. Yes, sir. Q. When you met him at the post office, would he always bring you back to the post office? A. Yes, sir. Q. Would you always meet him first at McCaulley's when you went riding with him? A. Yes, sir. Q. At the time you say he was trying to have intercourse with you, was that with your consent? A. Well, yes.

That State relied upon the theory that the offense was committed at the place described by her and the witness McCaulley. The witness, Minnie Bryant, testified that she had been riding with appellant quite a number of times; that she had met him as testified by the witness on several occasions and had ridden in his car. The State then categorically inquired of her whether she had been at the point between the T. & B. V. Railroad and the slaughter-house described by the witness McCaulley. To this she replied that she had been there one time and only one time. The reading of her testimony leaves no doubt in the mind of the writer that the occasion to which she adverted is the one upon which the State relied. The writer is unable to reach any conclusion other than that stated, that is, that she and McCaulley testified to the same transaction. The State's witness, the alleged injured party, not only denied the acts of intercourse but testified to a state of facts which are not inconsistent with the circumstances detailed by the other State witnesses, but are consistent with the innocence of the appellant of the offense charged.

If the conviction was for the offense of assault to rape, the evidence would support the conviction, but to constitute the offense of rape, proof of penetration is absolutely essential. Penal Code, Art. 1067; Branch's Ann. Tex. P. C., Sec. 1803; Duckworth v. State, 42 Texas Crim. Rep., 53; Blackmon v. State, 87 Texas Crim. Rep. 173. And in the absence of direct evidence of penetration, it may be proved by circumstances. Dies v. State, 56 Texas Crim. Rep. 36; Word v. State, 12 Texas Crim. App. 183. But it must be proved beyond a reasonable doubt. Davis v. State, 43 Texas Crim. Rep. 189.

In the instant case, the State, in its case, in chief relied upon circumstantial evidence. While the appellant, in rebuttal, introduced nothing more than a denial, the State, apparently not satisfied with the strength of its case, introduced the alleged injured party, and she denied the penetration. She admitted the fondling and the effort on the part of the appellant to have intercourse with her, but she denied the accomplishment of the act. Testifying under the sanction of the State, who introduced her as a witness, she, by her direct evidence, combatted the essential element of the State's case to establish the offense of which the appellant is convicted. This court, in the case of Draper v. State, 57 S. W. Rep. 656, dealing with a case in which the prosecutrix testified to penetration, held the evidence insufficient in view of other facts which were developed by the

record and referring to the case of Gazley v. State, 17 Texas Crim. App. 267, stated that all authorities agree that great caution should be exercised in cases of this character. In Blair's case, 56 S. W. Rep. 622, the prosecutrix, a girl under fifteen years of age, testified in the first instance in favor of the theory of the State. She followed this with a denial of the truthfulness of her statement. The court said: ''This leaves the record before us in such condition that we cannot permit the verdict to stand without other proof on the question of penetration, which is an absolutely essential requisite to all prosecutions for rape.''

In the case of Galaviz v. State, 82 Texas Crim. Rep. 379, there was a similar state of facts. The prosecutrix testified that there was penetration and then contradicted herself upon this subject. It is, of course, true that, generally speaking, self-contradiction of a witness will not, as a matter of law, destroy his testimony. Hill v. State, 77 S. W. Rep. 808; Blackmon v. State, 87 Texas Crim. Rep. 173, and authorities therein cited.

The instant case does not rest upon the matter of self-contradiction. The injured party does not admit and then deny the penetration, but her testimony is confined to a specific denial; a definite refusal to admit it. The admission she does make is consistent with the circumstances detailed by the State's witness to the effect that he saw the girl and the appellant in the automobile in the position which he described. All that he said may be true, however, and still there may have been an absence of penetration. He testified to circumstances consistent with the guilt of the appellant, but when taken in connection with the positive denial, through the direct evidence of the injured party, the evidence does not exclude every reasonable hypothesis save that of his guilt.

Upon the record before us, we are of the opinion that the trial court should have granted a new trial. Because of his failure to do so, the motion for rehearing is granted, the affirmance set aside and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

HAWKINS, Judge, (concurring)—.I agree to the reversal of the judgment for the following reason: Prosecutrix refers to a transaction in which she admits that appellant attempted to have intercourse with her, but according to her statement fell short of its accomplishment. It is not at all clear to my mind whether this is the same or a different occurrence as that testified to by McCaulley. If the same, it is not inconsistent with his story, but positively denies the completed act which might be inferred from the circumstances related by him; if a different transaction, then the State is in no better condition. The prosecutrix positively denies any act of intercourse with appellant at any time. She may not have spoken the truth, but the

State tendered her as a witness along with McCaulley. By the one it builds its case up, and then straightway by the other tears it down. The legal objections to sustaining a conviction under such circumstances are sufficiently adverted to by Judge Morrow in what he has written.

### ON REHEARING.

### March 28, 1923.

LATTIMORE, JUDGE, (concurring).—My brethren, are of opinion that the action of the State in introducing the alleged injured female resulted in a condition from which a reversal herein must be ordered. In other words, the State having made out its case by other testimony, made a serious mistake in placing upon the stand the girl who, in the opinion of my brethren, denied the fact of intercourse. For this reason they think it necessary to reverse the case. I have again considered and reviewed the facts with the result that I am but further convinced of the correct decision of the case in the original opinion as far as its facts are concerned. However, the difference between us being one based wholly on divergent views as to the effects of the testimony. I do not deem it necessary to dissent but content myself with affirming my belief in the correctness of the original opinion.