### Joe Chavez v. The State.

No. 10939.   Delivered June 1, 1927.

**1.—Rape—Competency of Witness—Within Discretion of the Court.**

On a trial for the rape of a girl child 12 years of age the contention of appellant that she did not possess sufficient intelligence to relate the transaction, and did not understand the obligation of an oath, was within the sound discretion of the trial court to pass upon, and in the absence of a showing of an abuse of this discretion this court is without authority to interfere.

**2.—Same—Evidence—Held Sufficient.**

Where, on a trial for rape, prosecutrix, a child of 12 years of age, testified positively to the act of intercourse with her, and two physicians testified to an examination made of her private parts by them, and that there had been an act of intercourse with her by someone, together with appellant's association with her, and opportunity to commit the act, were sufficient to warrant the jury in convicting appellant, and their determination cannot be disturbed.   See Galaviz v. State, 82 Tex. Crim. Rep. 377, and other cases cited.

Appeal from the District Court of Bexar County.   Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction of rape, penalty five years in the penitentiary.

The opinion states the case.

*T. B. Monroe* and *Dave Watson* of San Antonio, for appellant.

*C. M. Chambers,* District Attorney of Bexar County; *Lamar Seeligson,* Assistant District Attorney of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of rape, and his punishment assessed at five years in the penitentiary.

The appellant was charged by indictment with rape upon Opal Price, in Bexar County, on or about March 15, 1926.   The

record discloses that the prosecutrix was a girl about 12 years of age, and that the appellant was a soldier about 26 years of age who had, for some time prior to the alleged offense, been having illicit relations with prosecutrix's aunt, Mrs. Mary Pendergraft. It was the contention of the state, and the prosecutrix so testified, that the appellant had intercourse with her, against her consent, at her aunt's house; and that the prosecutrix informed her aunt of the transaction immediately thereafter, but the aunt took no notice thereof. Appellant defended upon the ground, and he so testified, that he did not at any time have intercourse with the prosecutrix, but admitted his improper relations with prosecutrix's aunt, and admitted that on one occasion all three of them occupied the same bed.

The record contains three bills of exception.

Bill No. 1 complains of the action of the court in permitting the state to use the prosecutrix as a witness, the contention being that the witness did not possess sufficient intelligence to relate the transaction sought to be inquired into, and that she did not understand the obligation of an oath. Such matters, of necessity, must be left largely to the sound discretion of the trial court, and in the absence of a showing that such discretion has been abused, this court is without authority to interfere. This bill, as presented, shows no error.

Bills 2 and 3 attack the sufficiency of the evidence to warrant the conviction. It is the contention of the appellant, if we understand these bills, that the prosecutrix was an incompetent witness on account of having a weak mind, which rendered her incapable of relating the alleged facts in the case consistently, and that the facts detailed by prosecutrix to the jury were inconsistent and contradictory and not in keeping with human experience. Appellant further contends that the facts fail to show that any rape had been committed upon the prosecutrix at the time of his arrest. After a careful examination of the entire record, we are not in accord with the contentions made by appellant in these bills, and are of the opinion that the evidence is sufficient to warrant the verdict of guilty in this case. The prosecutrix testified for the state to the effect that she was 12 years of age, that the appellant had an act of intercourse with her against her consent, and that she told her aunt, Mary Pendergraft, of the offense immediately thereafter, but that her aunt took no notice of said matter. The appellant testified concerning his illicit relations with Mary Pendergraft, and testified that he spent a great deal of time around Mary Pendergraft's house, where the prosecutrix was then living. Two

experienced physicians, Drs. Berry and Stansell, testified that they examined the prosecutrix on or about October 19, 1926, and that, in their opinion, she had often engaged in sexual intercourse prior thereto; and that her private parts were as large as those of a woman about 18 years of age. Dr. Woods, a witness for the appellant, testified that he was an assistant health officer and had practiced medicine about a year and five months; that on or about October 15, 1926, he examined the prosecutrix and found that her hymen was not destroyed, but that it had a hole in it about the size of the witness' finger, and found no sign of tearing or bruising, with the exception of a slight abrasion on the inside of the left lip of her private parts; and that in his opinion it would not have been reasonably possible for the little girl to have had intercourse with a man—that is, complete penetration—at the time of his examination. This witness testified on cross-examination:.

"The condition I found the little girl in could have been caused by an act of sexual intercourse. As to whether or not I saw any dilation there that indicated it, I will say the whole vagina seemed a little bit larger than it should have been, and in my judgment that might have been natural and it might have been due to bad habits. * * * Sexual intercourse could have caused that little bruise I found on her left side, and if it did, the penetration would have to have been that far in."

It will be observed, under the testimony of this witness, that if the condition which he found was caused by appellant, it was a sufficient penetration to constitute rape. See Galaviz v. State, 82 Tex. Crim. Rep. 377, 198 S. W. 946, and Blackmon v. State, 87 Tex. Crim. Rep. 17, 220 S. W. 93.

It is contended by the appellant that the prosecutrix's testimony, on cross-examination, relative to the act of intercourse in question was contradictory to her testimony on direct examination, and that her testimony was without sufficient corroboration to authorize the verdict of conviction. We are not in accord with this contention. After a careful consideration of this issue we are unable to persuade ourselves to believe that there is an actual contradiction in the prosecutrix's testimony on this point, and think there is only an apparent conflict. We also think the prosecutrix is amply corroborated by other testimony, if necessary in this instance, relative to her having had intercourse with some male person. The appellant admitted that he wrote the letters to Mary Pendergraft introduced in evidence by the state, in which he inquired affectionately about the prosecutrix and sent her word to be loyal and true to him. The facts in

the Blackmon case, supra, were very similar to those in the instant case, and this court, speaking through Presiding Judge Morrow, held that the testimony was sufficient. Also see Vickers v. State, 288 S. W. 191.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.