FRED RAIFSNIDER V. THE STATE.

No. 22668. Delivered December 15, 1943.
Rehearing Denied January 26, 1944.

The opinion states the case.

*Penn J. Jackson,* of Cleburne, and *W. E. Myres,* of Fort Worth, for appellant.

*Sam Cleveland,* District Attorney, of Stephenville, and *Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a sentence of five years in the penitentiary upon a conviction for a statutory offense under Article 1183, Vernon's Ann. P. C.

The indictment in the case contains two counts, one of which would support a conviction for rape by force, or of a female under the age of fifteen years. The second count applies only in the event the female is under the age of fifteen years.

It is contended in the appeal that the evidence of the prosecutrix does not comport with human experience and therefore should not support a conviction. It is true that the story told by the fourteen year old girl is beyond the comprehension of many people. It shows a depraved mind in the superlative degree. However, we do find the books filled with such cases. There is nothing in her testimony of which it may be said that it is not possible for it to be true. She changed her statements frequently, but this does not make impossible her story. When we place this evidence along by the side of that given by appellant himself, a seventy-four year old man, which includes his story of what took place, it is not surprising that the jury gave some credit

to the story told by prosecutrix even in face of the unfavorable circumstances and her previous conduct, as testified to by herself. As between appellant and prosecutrix, the things charged are not inconceivable and their acts are not supposed to comport with human experience, as viewed from the standpoint of ordinary people. The contention made by appellant in this respect will not be sustained.

Bill of Exception No 1. complains of the act of the district attorney on crossexamining appellant when testifying in his own behalf, in making the following statement: "You are indicted here now for committing an aggravated assault on a ten or eleven year old sister of Viola Brandon." Viola Brandon was the prosecutrix in the present case. Objection was made to this statement, whereupon the district attorney said "We think it is admissible, goes to his credibility as a witness. It is an offense involving moral turpitude*****." The court sustained the objection and instructed the jury not to consider the statement of the district attorney.

Though made in the form of a question, the statement may be considered an assertion, emphasized by the form in which it was made. Admittedly, the court was correct in his ruling and did all he could to cure the error. Whether it did so or not may depend to some extent on the circumstances of the case. The circumstances certainly were not favorable to appellant in this case. The prosecuting witness was one of nine children of a very poor family who were not able to give them money for ice-cream, candy, picture shows, and the things which they observed other children enjoying. Appellant had testified that he frequently gave money to the prosecutrix and to other children on the street. Such forceful implications as contained in the statement or question, by the district attorney, in which the eleven year old sister was the victim of an unlawful act of appellant, added much to the flame which was consuming him before the jury. The district attorney asserted that it involved moral turpitude. The jury had before them the court's charge, in which he applied the law to the facts before them which permitted a finding in the particular case then on trial of guilt of an aggravated assault on the prosecutrix in the instant case. This information, properly given in the charge, informed the jury that an aggravated assault indictment might be predicated on the same kind and character of conduct for which they were then trying him. It opened the door to unlimited speculation as to the conduct he might have had toward the younger girl. Under all the circumstances, it was so inflammatory that we could not expect it to be erased from a juror's mind by the instruction of the court

to disregard it. Boney v. State, 7 S. W. (2d) 961; Grohoske v. State, 50 S. W. (2d) 310; Rosa v. State, 218 S. W. 1056; Preather v. State, 18 S. W. (2d) 649. The doubt we entertain on the subject requires a reversal of the judgment of conviction.

It is noted from the evidence that there is not a word or circumstance corroborating the story told by the prosecutrix. While corroboration is not required of a girl under fifteen years of age, even though she made no outcry and the act was performed as detailed by her by force, yet the decisions of this court frequently caution that such evidence should be scrutinized with great care and caution. She voluntarily went into appellant's place of business after the offense was committed and accepted gifts of money from him on at least two occasions. She further testified that she was not afraid to do so. She admitted voluntary transactions previously with others, naming them and including an older brother. The circumstances are such that we feel constrained to call attention to the repeated cautions of this court in permitting convictions on the uncorroborated testimony of such witnesses.

For the reasons stated, the judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State, by and through its able District Attorney, has filed a lengthy motion for rehearing in this case in which it asserts that we erred in reversing the judgment of conviction, assigning several reasons why this motion should be granted. We have again reviewed the record in the light of said motion but remain of the opinion that the case was properly disposed of on the original submission. Therefore the State's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.