## TOM DIXON V. THE STATE.

No. 23265. Delivered January 9, 1946.

The opinion states the case.

*Frank Lane,* of Brackettville, and *Phil B. Foster,* of Del Rio for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is rape. The punishment is assessed at confinement in the state penitentiary for a term of twenty years.

There are no bills of exception in the record complaining of the admission or exclusion of any evidence, nor are there any objections to the court's charge.

The only question presented for review is the sufficiency of the evidence to sustain his conviction. We do not deem it necessary to set out in detail the testimony of the prosecutrix, a girl about fourteen years of age, who was the State's only witness. Suffice it to say that the prosecutrix, on direct, as well as on cross-examination, in one breath affirmed and in the next denied any penetration of her private parts by appellant. She said she told her mother of the occurrence on the same day; that her mother made a casual examination. However, no complaint was made by anyone until the mother of prosecutrix, some three months' later, became angry at the appellant, and it was then that they reported the matter to the officers. There is not any testimony from any other source that her hymen was ruptured or any injury to her private parts which might have corroborated her and thrown some light on the issue.

Appellant took the witness stand and denied that he had ever had carnal knowledge of the prosecutrix.

We deem the evidence too unsatisfactory to permit the conviction to stand, notwithstanding the fact that a conviction may be sustained upon the unsupported testimony of the girl alone, but the evidence should be most certain and unequivocal and bear evidence of verity on its face and not be of such a nature as of itself to create a doubt as to its probable truth. This court is always reluctant to interfere with the verdict of a jury in any case. However, when the State's entire evidence is so unsatisfactory as in the instant case, we are unwilling to permit the judgment of conviction to stand.

Therefore, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.