Donald Ray **JOHNSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42432.

Court of Criminal Appeals of Texas.

Dec. 10, 1969.

Rehearing Denied Jan. 28, 1970.

**66**

Pat McDowell, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and John B. Tolle, Camille Elliott, James P. Finstrom, Frank Watts, Douglas Mulder and C. H. Erwin, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is statutory rape; the punishment, life.

In his first three grounds of error appellant vigorously challenges the sufficiency of the evidence to sustain the conviction.

The record reflects that about 9 p. m. on December 23, 1967, the appellant and his wife took the 13 year old prosecutrix for a ride in their automobile, purportedly to get a coke. After stopping at a tavern where the prosecutrix had a soft drink and the appellant and his wife a beer, the threesome proceeded to an isolated spot on Berry Road in Dallas County where appellant's wife parked the automobile. Appellant then began to talk to the prosecutrix in vulgar language, inquiring about sex relations with her boyfriends, etc. He tried to kiss the prosecutrix and ordered her to remove her clothes. She tried to escape by jumping out of the car, but she was grabbed and pulled back into the car where appellant and his wife removed her outer garments. She was then pushed into the back seat. Appellant then got in the back seat, removed her remaining clothing and com-

mitted an act of oral sodomy upon her. He then put his penis in her private parts. During this time appellant's wife was holding the wrists of the prosecutrix to prevent her from interfering with the act. The wife then climbed into the back seat and committed an act of sodomy upon the appellant. This act was followed by an attempt of the appellant to make another penetration of the prosecutrix's sexual parts. Failing in this endeavor, appellant then forced the prosecutrix to commit an act of oral sodomy upon him. After the completion of this act, appellant and his wife began the trip home, warning the prosecutrix not to tell anyone if she did not want to get hurt.

Upon arriving at home, the prosecutrix made an immediate outcry to her mother, and was taken to the Mesquite police station and then to a hospital.

Dr. Henry Hewes, who examined the prosecutrix several hours after the alleged rape, was called by the appellant. He found the prosecutrix relatively calm and did not necessarily attribute her condition to the sedation which had been given her a few minutes earlier. His examination revealed no sperm in the vagina, no redness or abrasions of the skin area surrounding the vagina. Noting the hymen had been previously ruptured, the doctor concluded there was no evidence to sustain a finding of sexual intercourse.

On cross-examination Dr. Hewes agreed that his findings were compatible with an intercourse in which only slight penetration occurred; that penetration up to the sphincter muscle by a limp or not fully erect male organ would not leave abrasions, tear marks or bleeding points. The prosecutrix had testified that at the time of the act appellant's male organ was rather limp, not fully erect.

The appellant did not testify.

In rebuttal the State called Deputy Sheriff Thomas E. Barker who related that when he saw the prosecutrix at the Mesquite police station she was hysterical, had deep red indentations on both wrists, bruises on her arms and abrasions on her knees.

In his first ground of error appellant challenges the general sufficiency of the evidence to sustain the conviction contending it does not comport with human experience.

The general rule is well established that the testimony of a prosecutrix in a rape case even under the age of 15 years need not be corroborated. Blackmon v. State, 87 Tex.Cr.R. 173, 220 S.W.2d 93; Raifsnider v. State, 146 Tex.Cr.R. 578, 176 S.W.2d 952.

In 48 Tex.Jur.2d, Rape, Sec. 76, p. 723, it is stated:

"As a general rule, it is not essential to a conviction that the testimony of the prosecutrix be corroborated in prosecutions for rape, or assault with intent to commit rape, even though she may be under the age of consent. * * * In other words, the uncorroborated testimony of the prosecutrix may be sufficient in itself to sustain a conviction. Her credibility, like that of other witnesses, is a question to be passed on by the jury."

In such cases, to avoid any abuse of the rule, this Court will carefully scrutinize the testimony of children of tender years. Vasquez v. State, 145 Tex.Cr.R. 376, 167 S.W.2d 1030.

The prosecutrix was the only eye witness to the alleged act to testify and under the rule stated above, her testimony, standing alone, would normally be sufficient to sustain the conviction.

As noted earlier, the prosecutrix made an immediate outcry as soon as she was returned to the environment of her people, the outcry even being made in the presence of appellant and his wife. This fact strengthens the prosecutrix's testimony and

tends to eliminate any need for corroborating factors. Ex parte Pickenpaugh, Tex. Cr.App., 387 S.W.2d 671; Ex parte Merrill, 150 Tex.Cr.R. 365, 201 S.W.2d 232; Hughes v. State, 136 Tex.Cr.R. 210, 124 S.W.2d 349; Ambrose v. State, 145 Tex.Cr.R. 1, 165 S.W.2d 188.

*Deputy Barker's testimony as to the prosecutrix's appearance and condition tended to corroborate her testimony as to her struggle with the appellant and his wife. See 48 Tex.Jur.2d, Rape, Sec. 78, p. 726.*

■ The jurors are the judges of the facts, the credibility of the witnesses and the weight to be given to their testimony. Viewing the evidence in the light most favorable to the jury's verdict, as we are required to do, we deem it sufficient to support the verdict.

Appellant's reliance on Perkins v. State, 127 Tex.Cr.R. 297, 76 S.W.2d 135 and Dixon v. State, 149 Tex.Cr.R. 72, 191 S.W.2d 739, is misplaced. In the former case the prosecutrix failed to make a prompt outcry and refused to admit the rape occurred until she was threatened with a whipping by her father. In the latter case the prosecutrix did not notify authorities until three months after the rape and then only because her mother became angry with her.

Ground of error #1 is overruled.

Nevertheless, appellant specifically contends the evidence is not sufficient to show he had carnal knowledge of the prosecutrix. Appellant argues the evi-

dence fails to show that penetration occurred, and absent such a showing, the conviction must be reversed.

In 4 Branch's Ann.P.C., 2nd ed., Sec. 1977, p. 300, it is stated:

"Penetration is necessary to be proved upon a trial for rape, and a conviction for rape will not be sustained if penetration is not proved beyond a reasonable doubt. Davis v. State, 43 Tex. 189; Baldwin v. State, 15 Tex.App. 275; Elam v. State, Tex.Cr.App., 20 S.W. 710; Blair v State, Tex.Cr.App., 56 S.W. 622; Duckworth v. State, 42 Tex.Cr.R. 74, 75, 57 S.W. 665; Petty v. State, 94 Tex.Cr.R. 114, 249 S.W. 849; Vasquez v. State, 145 Tex.Cr.R. 376, 167 S.W.2d 1030; Lozano v. State, 154 Tex.Cr.R. 229, 226 S.W.2d 118."

■ Although penetration must be proved beyond a reasonable doubt it does not have to be of any particular depth. Any penetration, no matter how slight, is sufficient to satisfy the requirements of Article 1187, Vernon's Ann.P.C. See Calhoun v. State, 134 Tex.Cr.R. 423, 115 S.W.2d 965; Lynch v. State, 150 Tex. Cr.R. 57, 199 S.W.2d 780. "Penetration between the labia of the female's private parts by the male organ of the defendant is sufficient although the vagina was not entered or an act of intercourse was never completed." 4 Branch's Ann.P.C., 2nd ed., Sec. 1977, p. 301.

On direct examination the prosecutrix repeatedly testified that the appellant had penetrated her private parts with his male organ.[1]

1. The record reflects the following on direct examination:

"Q. * * * I'll ask you specifically, did he penetrate your private sex organ with his penis?
"A. Yes, sir.
 * * * * *
"Q. While he was on top of you with his organ in your private parts, what was Laura doing?
"A. She had hold of my wrist.
 * * * * *
"Q. I believe you had previously testified that when Don had this re-

lation with you that he did make a penetration of your sexual organs with his organ?
"A. Yes, sir.
"Q. The term climax has been explained to you, I believe, by your mother.
"A. Yes, sir.
"Q. I'll ask you if you are of the opinion, whether or not he did or did not have a climax?
"A. No, sir.
"Q. You mean he did not?

On cross-examination she was asked:

"Q. As a matter of fact Miss ———, the Defendant never did make penetration, did he?

"A. Yes, he did.

\*   \*   \*   \*   \*   \*

"Q. Was the penetration that the Defendant made slight or great, or what?

"A. It was slight.

"Q. Extremely slight?

"A. Yes, sir, I'd say so.

\*   \*   \*   \*   \*   \*

"Q. Miss ———, isn't it possible that the Defendant didn't make penetration at all, but only placed his private part against your private part and not penetrate it?

"A. No, sir."

The court charged that proof of penetration beyond a reasonable doubt was essential to a conviction for rape.

In Barry v. State, 165 Tex.Cr.R. 204, 305 S.W.2d 580, this Court said:

"The jury was at liberty to believe any part of the testimony and reject the remainder. They saw the witnesses and passed upon their credibility, and we are not at liberty to disturb their verdict where the same is based upon probative evidence."

Ground of error #2 is overruled.

Appellant next asserts that he was impotent at the time of the rape and, therefore, as a matter of law, the evidence is insufficient to show that appellant was able to commit the act of rape.

"A. Yes, sir.
"Q. But he did make penetration with your organ?
"A. Yes, sir."

■ While there is evidence that the appellant had been drinking or was drunk,[2] the record does not reflect that appellant developed the issue of impotency. He did not present a special requested charge on impotency nor object to the court's failure to charge thereon.

Ground of error #3 is overruled.

■ In his fourth ground of error appellant complains of the court's action in permitting the prosecutrix to testify as to the forced acts of oral sodomy which took place before and after the alleged rape. The same contention was recently presented and overruled in Hart v. State, Tex. Cr.App., 447 S.W.2d 944. The acts of sodomy were clearly res gestae of the offense charged and were admissible as facts and circumstances surrounding the commission of the offense on the occasion in question. See 4 Branch's Ann.P.C., 2nd ed., Sec. 2255, p. 681; Taylor v. State, Tex. Cr.App., 420 S.W.2d 601.

Ground of error #4 is overruled.

■ We find no merit in the contention that error resulted when evidence of threats made by the appellant after the alleged offense were admitted. While still at the scene of the alleged crime appellant threatened the proscutrix she would get hurt if she told anyone what happened. Such evidence was clearly admissible as part of the res gestae. See 48 Tex.Jur.2d, Rape, Sec. 53, p. 687.

Ground of error #5 is overruled.

■ Appellant further complains of the court's failure to charge on all the issues including the law of principles, the defense of impotency and the extraneous offenses. He acknowledges that there was neither a

2. Intoxication is not an excuse for the commission of rape. 48 Tex.Jur.2d, Rape, Sec. 24, p. 654.

written objection nor a special requested charge in compliance with Articles 36.14 and 36.15 Vernon's Ann.C.C.P. Nothing is therefore presented for review, See-furth v. State, Tex.Cr.App., 422 S.W.2d 931, 936, nor does it appear that appellant was denied a "fair and impartial trial." Article 36.19, V.A.C.C.P.

Ground of error #6 is overruled.

Appellant next raises the question of the effective assistance of trial counsel.

■ He was represented at the trial by two attorneys appointed by the court on March 19, 1968, who announced ready for trial on April 22, 1968. Prior to trial such counsel filed motions to sever, to list witnesses, to suppress evidence, to discover and inspect evidence, each of which was granted by the court. Moreover, the record is replete with instances in which counsel objected and preserved his alleged error for appellate review.

We cannot agree that appellant was deprived of the effective assistance of counsel. See MacKenna v. Ellis, 280 F.2d 592 (5th Cir.); Williams v. Beto, 354 F.2d 698 (5th Cir.); Scalf v. Bennett, 8 Cir., 408 F.2d 325; Goodrum v. Beto, D.C., 296 F.Supp. 710; Stevens v. Nelson, D.C., 302 F.Supp. 968; Fletcher v. State, Tex. Cr.App., 396 S.W.2d 393; Moreno v. State, Tex.Cr.App., 422 S.W.2d 443.

Ground of error #7 is overruled.

■ Lastly, we find no merit in the contention that the life imprisonment assessed by the jury which was within the statutory limits of punishment set by the legislature constitutes cruel and unusual punishment within the meaning of the Eighth Amendment, United States Constitution and Article 1, Sec. 13, Texas Constitution, Vernon's Ann.St. See Darden v. State, Tex.Cr.App., 430 S.W.2d 494.

Ground of error #8 is overruled.

The judgment is affirmed.