Samuel Henry UHL, Appellant,

v.

The STATE of Texas, Appellee.

No. 44842.

Court of Criminal Appeals of Texas.

April 19, 1972.

Lola L. Bonner, Rockport (Court appointed on Appeal), for appellant.

Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for rape in a trial before the court. The punishment was assessed at fifteen years.

It is contended that the evidence is insufficient because the testimony of the prosecutrix was not corroborated, that the doctor who examined her did not testify and that the appellant could not have committed rape because he was intoxicated. He also complains because leading questions were asked of the prosecutrix.

The prosecutrix, who was twelve years of age, went with her parents to her uncle's cabin by the beach in Aransas County on July 4, 1970. She spent the night nearby at the house of a girlfriend. Sometime after midnight, the appellant went to the house and asked the prosecutrix, his cousin, to accompany him to his father's house to get some beer. She went with him to get the beer and they returned. He then asked her to walk to the beach with him, so that if he got drunk she could assist him in getting home.

She went with him to the beach. He gave her a bottle of beer. After tasting it, she poured it out. He then started "feeling her all over." When she tried to scream, he put his hand over her mouth and threatened to hurt her if she screamed again. He then made her take off the bottom part of her pajamas, and he "just laid on me and he hurt me" and that he placed his male organ in her female organ. At one time she got away, but he caught her and threatened to hurt her if she tried to leave again and "kept doing what he was doing and I told him that I had to go back and he kept telling me to just shut up and finally he let me go back and he made me just walk back real slow with him." He told her not to tell anyone about what happened.

The prosecutrix went back to the girlfriend's house and stayed awake a long time. At about ten-thirty o'clock the next night she told her mother about the incident. She was later taken to Aransas Pass where she was examined by Doctor Richard Lyman.

The appellant testified that he was twenty-eight years of age and that he had been drinking all day at the many parties on the beach. He testified that he was drunk that night and did not recall being on the beach with the prosecutrix or having sexual intercourse with her. He also testified, on direct examination, that he had been convicted for burglary two times and had served the sentences in each case.

Appellant contends that the evidence is insufficient in that the testimony of the twelve-year-old prosecutrix was uncorroborated and she failed to make outcry for at least twenty hours, and that her testimony was not certain and unequivocal.

As noted in Johnson v. State, Tex.Cr.App., 449 S.W.2d 65, the general rule is well established that the testimony of a prosecutrix in a rape case even under the age of fifteen years need not be corroborated. See Hindman v. State, 152 Tex. Cr.R. 75, 211 S.W.2d 182; Raifsnider v. State, 146 Tex.Cr.R. 578, 176 S.W.2d 952; Blackmon v. State, 87 Tex.Cr.R. 173, 220 S.W. 93. In a case of rape by force, a conviction will not be sustained on the uncorroborated testimony of a female who fails to make prompt outcry or report of the rape when opportunity to do so was reasonably afforded. But in Hindman v. State, supra, it was pointed out that this rule arises where the question of consent to the sexual intercourse is in issue. The Court further pointed out that in statutory rape cases the issue of consent cannot arise, since the offense is complete with or without the consent of the prosecutrix.

In Brazil v. State, Tex.Cr.App., 401 S.W. 2d 843, the Court, in discussing Hindman, supra, stated that the law requires close scrutiny of convictions resting alone upon the uncorroborated testimony of a prosecutrix in a rape case who testifies to facts showing a rape by force and who makes no outcry. However, the Court pointed out

that the jury are the exclusive judges of the facts proved and of the credibility of the witnesses, which the Court should be slow to overturn. See also Thomas v. State, Tex.Cr.App., 476 S.W.2d 305; Lacy v. State, Tex.Cr.App., 412 S.W.2d 56, and Gooch v. State, 167 Tex.Cr.R. 437, 321 S.W. 2d 85.

In Lacy v. State, supra, this Court did not require corroboration of a fifteen-year-old prosecutrix where she made no outcry for two days  The testimony of the prosecutrix was sufficient for the judge, the trier of the facts, to conclude that appellant committed the rape as alleged in the indictment.

 Next, appellant contends that the evidence is insufficient because of the State's failure to produce the examining physician which was a strong circumstance against the prosecution. The record reflects that Doctor Lyman was not available as a witness because he was on vacation in the Virgin Islands. Vasquez v. State, 145 Tex.Cr.R. 376, 167 S.W.2d 1030, relied upon by appellant, is not in point. There, the State failed to put the prosecutrix on the witness stand to testify as to penetration, but instead relied on circumstantial evidence. In Johnson v. State, Tex.Cr.App., 449 S.W.2d 65, the prosecutrix there testified to penetration; however, the examining doctor testified that there was no evidence to sustain a finding of sexual intercourse. However, the Court in Johnson found sufficient evidence to sustain the conviction. And in Faulkner v. State, Tex. Cr.App., 390 S.W.2d 754, this Court stated that the testimony of the prosecutrix that appellant put his private parts into her private parts was sufficient to constitute proof of penetration.

The trial court did not interpret the testimony as the appellant wished: that he was drunk and there could not have been an act of intercourse. He never testified the act did not occur, but that he did not recall any such act. The trial court was not bound to accept any of appellant's testimony as true.

Lastly, appellant complains that the court permitted the prosecutor to ask the twelve-year-old girl leading questions on the issue of penetration. When she was asked if the appellant had sexual intercourse with her, the appellant objected on the ground that it was leading. She later answered, "Yes."

Later, on cross-examination, she testified that she ran and the appellant caught her "and he just—

"Q. (Appellant's counsel) Come on, Peggy, tell us.

"A. Then he had intercourse with me."

The asking of leading questions is seldom a ground for reversal (especially where a child is testifying). See Delespine v. State, Tex.Cr.App., 396 S.W.2d 133; Bryant v. State, Tex.Cr.App., 367 S.W.2d 684; Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606. This is a matter of discretion with the trial court. No abuse of discretion has been shown.

No error is shown. The judgment is affirmed.