Walter Garner CARTER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47894 to 47897.

Court of Criminal Appeals of Texas.

March 20, 1974.

Rehearing Denied April 3, 1974.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted in a joint trial before a jury of two cases of sodomy, one of statutory rape, and one of assault with intent to rape. Punishment in each of the sodomy cases was assessed at fifteen years, and in the rape and assault with intent to rape, ninety-nine years each.

One statement of facts applicable alike to each of the cases has been filed. Separate transcripts and separate briefs in each case are on file.

Two prosecuting witnesses were involved, they being at the time of the commission of the offenses ten or eleven years of age depending on the date of the offense.

T. S., born November 28, 1960, testified that she first became acquainted with appellant in the summer of 1970. She went to a lake in Dallas County with him and L. L. sometime during that summer to go fishing. She said that on that occasion she saw appellant commit acts of oral sodomy with L. L., and that, at appellant's request, she took off her underthings, and committed such acts with appellant. She testified that he repeated these acts with her many times thereafter for over a year. On a number of occasions during that time, he tried to have sexual intercourse with her by placing his male organ in her female organ, but he was unable to do so. She said that in February, 1972, she had a nightmare and upon waking informed her mother of what appellant had been doing. Shortly thereafter, appellant was arrested.

Appellant's mother testified, confirming her daughter's testimony that she told the mother of these actions in February, 1972.

L. L., born January 1, 1960, testified that appellant had been her stepfather.[1] Appellant had started molesting her sexually when she was eight years old, and this continued until about 2½ months before she told her mother about him on February 18, 1972. She corroborated the testimony of T. S. as to what happened in the summer of 1970, and testified to many acts of sodomy and rape by appellant upon her. On several occasions, by using vaseline, he succeeded in having sexual intercourse with her. She said that some of these acts of sexual intercourse occurred about March 20, 1971,[2] in the apartment in which he resided.

Appellant did not testify, and offered no evidence.

Appeals Nos. 47,894 and 47,895.

Our Cause No. 47,894 involves the charge of oral sodomy by appellant upon T. S. on or about May 15, 1971. A conviction of oral sodomy upon L. L. on or about May 15, 1971 is the subject matter of our Cause No. 47,895.

Appellant in his first ground of error in each of these cases contends that the court erred when it failed to instruct the jury that each prosecutrix was an accomplice as a matter of law, as requested. The court in his charge to the jury in each case submitted the issue of accomplice witness as a matter of fact, but refused a requested instruction that they were accomplices as a matter of law.

Both of the girls were eleven years of age or less at the time of the offenses.

---

1. L. L.'s mother testified that she was divorced from appellant in September, 1970.

2. The indictment for statutory rape was returned into court on March 20, 1972.

At the close of the evidence, the court by written order expressly found from the evidence that neither girl had, at the times alleged, the maturity, sophistication and discretion to understand the nature and illegality of the acts constituting the offenses. This issue was submitted to the jury in the instructions on accomplice testimony. Slusser v. State, 155 Tex.Cr.R. 160, 232 S. W.2d 727.

In Carnathan v. State, Tex.Cr.App., 478 S.W.2d 490, two boys eight years old at the time of the offense of indecent fondling were found to be "too young to be criminally responsible or to be classified as accomplice witnesses either as a matter of fact or law."

Furthermore, as similar to the situation in Carnathan, each girl testified as to the act of oral sodomy by appellant upon the other, and had no complicity as to the specific incident charged involving the other girls.

Under the facts of these cases, no error is shown as to this ground. See also Mc-Clanahan v. State, Tex.Cr.App., 394 S.W. 2d 499; Van Buskirk v. State, Tex.Cr. App., 492 S.W.2d 279; Zitterich v. State, Tex.Cr.App., 502 S.W.2d 144.

■ In his second ground in each case, appellant alleges error to allow the State to present extraneous offenses of statutory rape and attempted rape in the trial of both sodomy cases.

The record reflects that appellant expressly agreed that these cases would be tried in one joint trial. Appellant thus waived his right to a separate trial on each case, and the evidence as to each offense was admissible.[3] Watson v. State, Tex. Cr.App., 488 S.W.2d 816; Royal v. State, Tex.Cr.App., 391 S.W.2d 410.

The second ground of error is overruled.

■ In his third ground appellant contends that the indictment in each case is insufficient to give him notice of the offense with which he is charged.

No motion to quash the indictment appears in the record.

The indictment in each case alleged that appellant (omitting the formal allegations) did on or about May 15, 1971, in Dallas County "use his mouth on the sexual parts of another human being, to-wit, (prosecutrix) for the purpose of having carnal copulation . . . ."

The indictment followed the language of Art. 524, Vernon's Ann.P.C., and of the form set forth in Willson's Criminal Forms, 7th Edition of Morrison and Blackwell, Sec. 712. Appellant's third ground of error is overruled. Furstonburg v. State, 148 Tex.Cr.R. 638, 190 S.W.2d 362.

■ In his fourth ground, appellant complains of the introduction in evidence of extraneous offenses having nothing to do with sexual offenses. There was no objection to the testimony made the subject of this ground, and there is nothing before us for review. Gentry v. State, Tex.Cr.App., 494 S.W.2d 169; Boykin v. State 504 S. W.2d 855, (No. 47,349, February 6, 1974); Price v. State, Tex.Cr.App., 496 S.W.2d 103.

■ In his fifth and sixth grounds of error, appellant complains of "have you heard" questions asked certain character witnesses for appellant at the punishment stage by the State on cross-examination. These questions involved acts of misconduct, and, in the form asked, were proper cross-examination. Wallace v. State, Tex. Cr.App., 501 S.W.2d 883; Brown v. State, Tex.Cr.App., 477 S.W.2d 617; Partida v. State, 506 S.W.2d 209 (No. 47,743, March 6, 1974). These grounds of error are overruled.

3. We do not reach or pass upon whether the evidence of other acts between the same parties would have been admissible in a separate trial. See Waffer v. State, Tex.Cr.App., 500 S.W.2d 659; Johns v. State, 155 Tex. Cr.R. 503, 236 S.W.2d 820.

The judgments in Causes Nos. 47,894 and 47,895 are affirmed.

### Appeals Nos. 47,896 and 47,897

Our Cause No 47,896, is an appeal from a conviction of statutory rape upon the 11 year old prosecutrix L. L. Cause No. 47,897 involves a conviction of assault with intent to rape the 10 year old prosecutrix T. S.

■ In No. 47,896, the first ground of error alleges insufficiency of the evidence to establish that the offense occurred within one year preceding the return of the indictment on March 20, 1972, and that said prosecution was barred by limitations, Art. 12.02, Vernon's Ann.C.C.P.

The prosecutrix L. L. testified that appellant had several acts of sexual intercourse with her after March 20, 1971, and that on such occasions his male sexual organ penetrated her female sexual organ. The situation came to her parent's attention on February 18, 1972, and was reported to the police on that date. L. L. testified the last act was committed about 2½ months prior to that date. The evidence was sufficient to show that appellant had sexual intercourse with the eleven year old girl within less than a year prior to being indicted for the offense.

■ In No. 47,987, appellant first complains that the indictment did not allege that complainant was not the wife of appellant.

The record discloses that the indictment alleges "the said (prosecutrix) being then and there and not being then and there the wife of the said Walter Garner Carter." The first seven words of this quote do not constitute a complete allegation and, in view of the definite allegation following that she was not appellant's wife, were obviously a clerical mistake. In the absence of a motion to quash the indictment in the trial court, this does not constitute such a fatal error that it can be raised for the first time on appeal. Youngblood v. State, 92 Tex.Cr.R. 414, 243 S.W. 1091; Baity v. State, Tex.Cr.App., 455 S.W.2d 305; Lydia v. State, Tex.Cr.App., 486 S.W.2d 791. The ground of error is overruled.

■ Appellant's second ground in No. 47,897 is that the evidence is insufficient to show an assault made by appellant upon prosecutrix T. S. She testified that he got on her, a ten year old girl, and pushed against her in an effort to insert his male organ into her female organ, but failed to penetrate. In view of the illegality of such act, this constituted an assault.

Appellant's third ground of error in both of these cases is the same as his fourth ground in Nos. 47,894 and 47,895, supra. For the reasons there expressed, this ground is overruled.

Appellant's fourth and fifth grounds of error are identical with his fifth and sixth grounds in Nos. 47,894 and 47,895, supra. They are overruled for the reasons previously stated.

■ In No. 47,896, the statutory rape case, appellant alleges in his second ground that the evidence of the prosecutrix is insufficient because it was not corroborated by other evidence, and that, since there was no outcry for several months, corroboration was required.

The testimony of the two girls corroborated each other generally as to the appellant's relations with them. The girls testified that appellant told them on various occasions if they ever told anybody about his actions, they "would go to juvenile, and their mother's would hate them."

In Uhl v. State, Tex.Cr.App., 479 S.W.2d 55, this Court said:

"As noted in Johnson v. State, Tex.Cr.App., 449 S.W.2d 65, the general rule is well established that the testimony of a prosecutrix in a rape case even under the age of fifteen years need not be corroborated. See Hindman v. State, 152 Tex.Cr.R. 75, 211 S.W.2d 182; Raifsnider v. State, 146 Tex.Cr.R. 578, 176 S.W.2d 952; Blackmon v. State, 87 Tex.

Cr.R. 173, 220 S.W. 93. In a case of rape by force, a conviction will not be sustained on the uncorroborated testimony of a female who fails to make prompt outcry or report of the rape when opportunity to do so was reasonably afforded. But in Hindman v. State, supra, it was pointed out that this rule arises where the question of consent to the sexual intercourse is in issue. The Court further pointed out that in statutory rape cases the issue of consent cannot arise, since the offense is complete with or without the consent of the prosecutrix."

See also Hoagland v. State, Tex.Cr.App., 494 S.W.2d 186.

There being no reversible error, the judgments are affirmed.

Opinion approved by the Court.